337 So.2d 805 (1976)
DIVISION OF BOND FINANCE, Etc., et al., Petitioners,
v.
Honorable Bruce SMATHERS, Etc., et al., Respondents.
No. 49937.
Supreme Court of Florida.
September 17, 1976.
*806 Robert L. Shevin, Atty. Gen., Larry Levy, Asst. Atty. Gen., and Arnold L. Greenfield, Gen. Counsel, Tallahassee, for petitioners.
Jack Shreve, Gen. Counsel, David E. Cardwell, Asst. Gen. Counsel, Jack W. Pierce and S. Sherman Weiss, Tallahassee, for respondents.
Donald M. Middlebrooks, Orlando, for Reubin O'D. Askew, as Governor of the State of Florida, intervening petitioner.
BOYD, Justice.
We have before us an original proceeding in mandamus brought by the Division of Bond Finance of the Department of General Services, the Governor, as the Chairman of the Governing Board of the Division of Bond Finance and the State Treasurer, as Treasurer of the Governing Board of the Division of Bond Finance, against the Secretary of State, the Executive Director of the Department of Natural Resources, and the Department of Natural Resources, questioning the constitutional validity of the following proviso which appears after Item 853 in Section 1 of the General Appropriations Act, Chapter 76-285, Laws of Florida:
"Provided that any future sales of general obligation bonds for environmentally endangered lands shall have as the first priority the repayment of monies expended for debt service from the Land Acquisition Trust Fund."
On June 30, 1976, the Governor vetoed the above proviso because he had been advised through a "Letter of Intent" from the Senate Ways and Means Committee and the House Appropriations Committee that it had been mistakenly included in the General Appropriations Act as the result of a drafting error and because he questioned the constitutional validity of the proviso. Article III, Section 8(a) of the Florida Constitution gives the Governor veto power over specific appropriations in general appropriations bills, but prohibits him from vetoing any qualification or restriction without vetoing the specific appropriation to which it relates. Fearing that the proviso could be construed as a "qualification" or "restriction" which would raise an issue of the validity of the veto, in turn casting doubt over the legality of the Act's appropriations for debt service to which the proviso relates and concerned that such doubt would adversely affect the Environmentally Endangered Lands Bond Program and agreements with the federal government for cooperative acquisition of environmentally endangered lands, the Governor and *807 Cabinet authorized the Division of Bond Finance to initiate proceedings to challenge the constitutionality of the proviso or to declare valid the Governor's veto. Because a proceeding in circuit court followed by appellate litigation might entail harmful delay, the Division brought an original action for mandamus in this Court.
The petition for mandamus requests this Court to command the Secretary of State to expunge the proviso from the "official acts of the legislative department" because it is invalid under the Florida Constitution, or, in the alternative, to determine that the Governor's veto of the proviso is constitutionally effective, under either alternative, thereby preventing the Department of Natural Resources and its Director from applying proceeds of State bonds in the manner of the proviso.
Ordinarily the initial challenge to the constitutionality of a statute should be made before a trial court. However, the remedy of mandamus has been awarded by this Court in original actions before in order to expunge unconstitutional language from a General Appropriations Act. Dickinson v. Stone, 251 So.2d 268 (Fla. 1971). Dickinson provides that the standard for such an award is where the functions of government will be adversely affected without an immediate determination. On its face the assertion by the Governor and the Division that the State Bond Program and Environmentally Endangered Lands Bond Program are jeopardized by the questionable constitutionality of the proviso and the doubt over the effectiveness of the Governor's veto meets the Dickinson standard. Respondents do not challenge the assertion. Indeed, they concede this Court's jurisdiction to entertain the action.[1] We exercise our discretion to entertain it because we perceive that an immediate determination is necessary to protect governmental functions.
We need not consider the issue of the constitutional validity of the Governor's veto because we hold the proviso to be unconstitutional. The Division presents the argument that the proviso is unconstitutional under six sections of the Florida Constitution. We need look no farther than the first of these six sections to resolve the matter. Article VII, Section 11(a) of the Florida Constitution provides:
"§ 11. State bonds  revenue bonds (a) State bonds pledging the full faith and credit of the state may be issued only to finance or refinance the cost of state capital projects upon approval by a vote of the electors; provided state bonds issued pursuant to this subsection (a) may be refunded without a vote of the electors at a lower net average interest cost rate. The total outstanding principal of state bonds issued pursuant to this subsection (a) shall never exceed fifty per cent of the total tax revenues of the state for the two preceding fiscal years."
The proviso requires that the proceeds of general obligation bonds for environmentally endangered lands be expended for purposes other than the financing or refinancing of the cost of State capital projects. It is violative of Article VII, Section 11(a) on its face.
Accordingly, a peremptory writ of mandamus shall issue commanding the Secretary of State to expunge from Section 1, Chapter 76-285, Laws of Florida, the following language:
"Provided that any future sales of general obligation bonds for environmentally *808 endangered lands shall have as the first priority the repayment of monies expended for debt service from the Land Acquisition Trust Fund."
and further commanding the Department of Natural Resources and its Director to take no action inconsistent with this opinion.
It is so ordered.
OVERTON, C.J., and ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
NOTES
[1] All parties to this litigation concede that the legislative attempt to condition Item 853 in the appropriation bill has caused, and on a daily basis continues to cause the State to be in arrears on a previously executed contract with the government of the United States for the purchase of environmentally endangered lands in the State, and that it is only by grace of a federal extension of time that a default has not been declared. The parties' representations to the Court persuade us that the functions of State government will indeed be directly and immediately affected in an adverse way if we do not act promptly. We would hesitate long before accepting jurisdiction in different circumstances.