396 So.2d 1105 (1979)
Peter R. GINDL et al., Appellants,
v.
DEPARTMENT OF EDUCATION et al., Appellees.
No. 54665.
Supreme Court of Florida.
May 17, 1979.
As Corrected on Rehearing February 26, 1981.
Larry Levy, of Dickinson, Levy & Taylor, Tallahassee, and Louis F. Ray, Jr., and Robert W. Kievit, of Louis F. Ray, Jr., P.A., Pensacola, for appellants.
James D. Little, Gen. Counsel, State Board of Ed., and David V. Kerns, Gen. Counsel, Dept. of Administration, Tallahassee, for appellees.
PER CURIAM.
We have jurisdiction of this direct appeal from a final judgment of the circuit court of Leon County because the trial court upheld the constitutionality of item 349 of the Appropriations Act, chapter 77-465, Laws of Florida, and section 236.081(3), Florida Statutes (Supp. 1976).
By declaratory judgment action, members of the School Board of Escambia County, as the school board and individually as citizens and taxpayers of Escambia County, sought to have item 349 of the Appropriations Act (chapter 77-465), relating to district cost differentials, declared unconstitutionally violative of article III, sections 6 and 12, Florida Constitution, because it purports to amend section 236.081(3), Florida Statutes (Supp. 1976), and relates to a subject other than appropriations, and unconstitutionally violative of article II, section 3, in that it constitutes an unlawful delegation of legislative authority and is vague and ambiguous. They also challenged the constitutionality of section 236.081(3) on the basis that it constitutes an unlawful delegation of the legislative authority to appropriate state funds to a state agency and is vague and ambiguous. They attacked the Florida Price Level Index referred to in section 236.081(3) and the district cost differential as being arbitrary, capricious, and discriminatory. They further alleged that school districts are authorized to levy additional millage above the required local effort millage of 6.4 mills set forth in chapter 77-465, but not to exceed a cap of eight mills as provided in section 236.25, Florida Statutes (1975), and that utilization of this "leeway" millage in the Florida Education Finance Program as well as the manner of computing district required local effort constitute a violation of the equal protection clause of the federal and Florida constitutions. They alleged that wide disparities in funds available throughout the state because of disparities in property wealth between districts cause substantial disparities in quality and extent of availability of educational opportunities.
The trial court entered final judgment in favor of appellees and found that appellants had standing; that item 349, chapter 77 465, is not unconstitutionally violative of article III, sections 6 and 12, Florida Constitution, since the one subject embraced by item 349 is appropriations; that, when read *1106 in conjunction with section 236.081(3), item 349 is neither vague nor indefinite; that by utilizing common sense and interpreting the plain meaning of these statutes, the administrators arrived at a formula which constitutes the most reasonable interpretation of these provisions; that the Florida Price Level Index, which is a study conducted by the Department of Administration and funded by the legislature, is not void because it does not have to be authorized by statute; that the legislature committed no impropriety when it appropriated funds according to this index, which was the result of a completed study and which was arrived at in a reasonable manner; that, although it did not understand why the legislature chose to use such a complex formula, the district cost differential is not arbitrary, capricious, or unreasonable and unrelated to the goal of providing substantially equal educational opportunities; and that the Florida education funding formula, in allowing leeway millage, does not violate the equal protection clause, and substantial equality of education is not prevented by the use of leeway millage.
We find that the trial court reached the correct result on each issue presented in this case, and the final judgment of the trial court is hereby affirmed.
It is so ordered.
ADKINS, BOYD, OVERTON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.
ENGLAND, C.J., dissents.

ON REHEARING
ENGLAND, Justice.
We have reconsidered our determination that item 349 of the 1977 Appropriations Act did not violate article III, section 12 of the Florida Constitution,[1] in light of our recent evaluation of that constitutional provision in Brown v. Firestone, 382 So.2d 654 (Fla. 1980), and the presentation of comparable issues in Department of Education v. School Board of Collier County, 394 So.2d 1010 (Fla. 1981). We now conclude that our original decision was in error, inasmuch as item 349 impermissibly modified another statute  section 236.081(3), Florida Statutes (Supp. 1976).
We have today released our decision in Collier County, holding that the 1978 Appropriations Act did not modify the distribution of formula funds under section 236.081(6)(c), Florida Statutes (1977), although it did add dollars to select school districts based in part on the formulae set out in that statute. The differing outcomes of these two cases is a direct result of the factual differences between them.
In this case the trial judge expressly found:
The appropriations item in question did modify the formula used to allocate State educational funds among the various school districts from that set forth in F.S. 236.081(3) for the fiscal year 1977-78.
Put simply, the trial judge found as a fact that the legislature had taken funds designated for distribution under a formula set out in section 236.081(3) and, through item 349 of the appropriations act, altered the distribution formula. Having made that factual determination, with which we agree, the trial judge was wrong in failing to find that the challenged appropriation item was in violation of article III, section 12 of the Florida Constitution. See Brown v. Firestone, 382 So.2d at 664. Accordingly, we now vacate our earlier opinion and hold that the adoption of item 349 in the 1977 Appropriations Act was in excess of legislative authority. The funds having already been disbursed under that act, however, no further action of this Court is now appropriate. See Department of Administration v. Horne, 269 So.2d 659, 663 (Fla. 1972).
To be contrasted with our decision here is our decision today in Department of Education v. School Board of Collier County. There the legislature added dollars through the appropriations act to amounts which *1107 were otherwise to be distributed under section 236.081(6)(c), albeit utilizing a formula from that section rather than district names to determine the recipients of this additional bounty. That case involves merely supplemental dollars for the school districts, as if each had been listed separately in the appropriations act. Dollars distributed under section 236.081(6)(c) were unaffected by that supplementation. Our Brown decision expressly recognizes that the legislature may bestow extra funds in an appropriations act without violating article III, section 12 of the constitution.[2]
To the extent that the validity of item 349 of the 1977 Appropriations Act was upheld by the trial court, the court's final judgment is vacated. In all other respects that judgment is affirmed. The case is remanded to the trial court for such further proceedings consistent with this decision as may be appropriate.
SUNDBERG, C.J., and OVERTON and ALDERMAN, JJ., concur.
ADKINS and BOYD, JJ., concur in result only.
NOTES
[1] "Laws making appropriations for salaries of public officers and other current expenses of the state shall contain provisions on no other subject." Art. III, § 12, Fla. Const.
[2] Brown v. Firestone, 382 So.2d 654, 664 (Fla. 1980).