WENTWORTH, Judge.
Appellants seek review of a declaratory judgment by which certain appropriations in the 1983 General Appropriations Act were determined to be in compliance with Article III, §§ 6 and 12 of the Florida Constitution. We find that the challenged appropriations do not comport with the cited constitutional provisions, and we therefore reverse the order appealed.
Section 253.023, Florida Statutes, expresses a public policy to assure “the availability of public lands” for conservation and recreational purposes. The statute provides for the acquisition of designated lands, and § 253.023(2) establishes a Conservation and Recreation Lands Trust Fund (CARL Fund) “to be used as a non-lapsing, revolving fund exclusively for the purposes” specified.
The 1983 Legislature made appropriations in Chapter 83-300, the General Appropriations Act, affecting the CARL Fund. The specific appropriations involved in the present case are:
1312A Aid to Local Governments Transfer to Special Acquisition Trust Fund From Conservation and Recreation Lands Trust Fund . 8,500,000
1668A Fixed Capital Outlay CARL Program From Conservation and Recreation Lands Trust Fund .35,000,000
1668B Fixed Capital Outlay North Dade County Land Purchase From Special Acquisition Trust Fund ... 8,500,000
Appellants filed a complaint for “declaratory judgment, expungement from statute, injunctive relief, and other appropriate relief” challenging the constitutionality of ap *61 propriations 1312A and 1668B. The complaint alleged that the challenged appropriations impermissibly effect an amendment of § 253.023, Florida Statutes, in violation of the single subject requirement of Art. Ill, §§ 6 and 12, Florida Constitution, and without the appropriate title heading and substantive content which Art. Ill § 6 requires. The court below declined to grant the requested relief, finding that the challenged appropriations “are not in conflict with §§ 6 or 12, Art. Ill of the Florida Constitution.”
Article III of the Florida Constitution provides:
SECTION 6. LAWS.—
Every law shall embrace but one subject and matter properly connected therewith, and the subject shall be briefly expressed in the title_ Laws to revise or amend shall set out in full the revised or amended act, section, subsection or paragraph of a subsection ....

SECTION 12. APPROPRIATION BILLS.—
Laws making appropriation for salaries of public officers and other current expenses of the state shall contain provisions on no other subject.
In accordance with Art. Ill § 12 an appropriations bill may not alter or amend existing law on subjects other than appropriations. See Brown v. Firestone, 382 So.2d 654 (Fla.1980).[1] An appropriation measure thus may not alter a statutory distribution formula, see Gindl v. Department of Education, 396 So.2d 1105 (Fla.1979), or otherwise effect “a de facto amendment of existing substantive law.” Department of Education v. Lewis, 416 So.2d 455 (Fla.1982).
In providing for the acquisition of designated lands, § 253.023 establishes procedures relating to the utilization of CARL Fund assets. Appropriation 1312A, which transfers CARL Fund monies to the Special Acquisition Trust Fund, disregards both the procedural requirements established in § 253.023 and the “exclusive use” provision of § 253.023(2).[2] The court below reasoned that appropriation 1312A merely effects the transfer of an excess appropriation and does not impact the provisions of § 253.-023. In reaching this conclusion the court assumed that appropriation 1668A encompasses an excess credit.[3] However, the record contains no predicate which would support this assumption. Furthermore, even were an excess tax credit involved, § 253.023(2) expressly provides for the transfer thereof to the General Revenue Fund. In departing from the statutory requirements of § 253.023 appropriation 1312A thereby effects a tacit amendment of existing law which, as indicated by Brown, Lewis, and Gindl, supra, is prohibited by Art. Ill § 12 of the Florida Constitution.[4]
The order appealed is reversed, the Comptroller is directed to disregard appro *62 priation 1312A, and the Secretary of State is directed to strike appropriation 1312A from Chapter 83-300.
ERVIN, C.J., and BOOTH, J., concur.

. The order appealed references Thomas v. Askew, 270 So.2d 707 (Fla.1972), which suggested that "an appropriation line item standing alone cannot by implication be raised to the status of a written rider or a substantive inclusion of other independent, ungermaine matter ....” However, in Brown v. Firestone, 382 So.2d 654 (Fla.1980), at footnote 5, the Florida Supreme Court expressly receded from and disapproved Thomas, except insofar as it authorized an appropriation of funds in an amount different from that previously allocated.

. While § 253.023(8), Florida Statutes, excepts the Fund from the selection and acquisition process of §§ 259.035 and 253.025 “as otherwise provided” by the legislature, this exception does not impact the "exclusive use” restriction or the procedural requirements of § 253.023.

. Section 253.023(2) provides that the CARL Fund shall be credited a percentage of mineral severance and production tax receipts, but limits such credit to $20 million per fiscal year, with the further provision that any excess shall be transferred to the General Revenue Fund.

. To the extent that appropriation 1312A effects a tacit amendment of § 253.023 it likewise fails to comport with Art. Ill § 6, with regard to the required title heading and textual content of the amended section.
Appropriation 1668B, however, has not been shown by appellants to be necessarily dependent on appropriation 1312A. No other challenge being presented, we thus do not find appropriation 1668B to be constitutionally affected by the invalidity of appropriation 1312A.