ADKINS, Justice.
We have for review Florida Defenders of the Environment, Inc. v. Graham, 462 So.2d 59 (Fla. 1st DCA 1984), in which the district court declared appropriation Item 1312A of chapter 83-300, Laws of Florida, invalid. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Item 1312A of the 1983 General Appropriations Act provided for the appropriation of $8,500,000 from the Conservation and Recreation Lands Trust Fund (CARL Fund), to the Special Acquisition Trust Fund. Such funds were to be used in the state’s purchase of the “Interama Lands” from the City of North Miami. The purposes for which CARL Fund monies may be spent are specifically limited in section 253.023(3), Florida Statutes (1981). The procedures for selecting those lands to be purchased with CARL Fund monies are prescribed by section 259.035, Florida Statutes (1981).
Article III, section 6, Florida Constitution, provides:
Every law shall embrace but one subject and matter properly connected therewith, and the subject shall be briefly expressed in the title_ Laws to revise or amend shall set out in full the revised or amended act, section, subsection or paragraph of a subsection....”
Article III, section 12, Florida Constitution, provides “laws making appropriation ... shall contain provisions on no other subject.”
We hold that Item 1312A violates article III, sections 6 and 12 of the Florida Constitution because it is an appropriations bill that changes and amends existing law on subjects other than appropriations, see Brown v. Firestone, 382 So.2d 654 (Fla.1980), and unlawfully alters a statutory distribution formula. See Gindl v. Department of Education, 396 So.2d 1105, 1106 (Fla.1979).
Accordingly, we affirm the decision of the district court directing the comptroller to disregard appropriation 1312A and the secretary of state to strike it from chapter 83-300.
It is so ordered.
BOYD, C.J., and OVERTON, MCDONALD, EHRLICH and SHAW, JJ., concur.