576 So.2d 264 (1990)
Kathy MURRAY, Petitioner,
v.
Gerald LEWIS, etc., et al., Respondents.
No. 76383.
Supreme Court of Florida.
December 20, 1990.
Cindy Huddleston of Florida Legal Services, Inc., Tallahassee, and Suzanne Harris of Florida Rural Services, Inc., Bartow, for petitioner.
Robert A. Butterworth, Atty. Gen., and Denis Dean, Asst. Atty. Gen., and Jo Ann Levin, Deputy Gen. Counsel of Office of the Comptroller, Tallahassee, for respondents.
BARKETT, Justice.
Kathy Murray petitions for a writ of mandamus requiring the Secretary of State to expunge allegedly unconstitutional proviso language in the 1990-91 General Appropriations Act from the official records of the state and to ensure that these expunctions are reflected in the financial operations of the state.[1] We find that Murray is entitled to the writ.
Murray asserts that sections 230.645(2)(f)[2] *265 and 240.35(3)[3] of the Florida Statutes provide an unconditional waiver of community college fees to welfare recipients participating in an education, training and employment program called Project Independence.[4] However, a proviso to the 1990-91 General Appropriations Act conditions the availability of this fee waiver by requiring Project Independence participants to first exhaust all other funding sources before claiming the exemption.
The proviso at issue states:
The exemption of community college fees as provided by sections 230.645(2)(f) and sections 240.35(3), Florida Statutes, insofar as they relate to students enrolled under the provisions of s. 409.029, Florida Statutes, may apply only if those fees cannot otherwise be paid by funds available through state or federal student financial aid, the Job Training Partnership Act, the Vocational Rehabilitation Act, Wagner-Payser, the Carl Perkins Act, or through funds provided by the Welfare Reform Act and the Florida Employment Opportunity Act.
Ch. 90-209, § 1, at 1273-74, Laws of Fla. (proviso to specific appropriation 600) (emphasis added). Murray challenges this proviso as an unconstitutional attempt to change substantive law in violation of the single-subject requirement of article III, section 12 of the Florida Constitution.[5]
As we established in Brown v. Firestone, 382 So.2d 654, 663-64 (Fla. 1980), the single-subject requirement is designed both to prevent "logrolling" and to ensure the integrity of substantive lawmaking. Under our state constitution, each bill dealing with substantive matters must be scrutinized separately to allow all citizens an opportunity to be fully informed so they may air their views. See id. at 664. The single-subject requirement serves to ensure the free flow of public debate that might be circumvented were the legislature permitted to ensconce substantive law in an appropriations bill. Thus, article III, section 12 dictates that "an appropriations bill must not change or amend existing law on subjects other than appropriations." Brown, 382 So.2d at 664.
Respondents concede this principle but claim that this proviso language merely reiterates existing law without changing it. Respondents argue that sections 409.029(2)(i)(6) and 240.35(1)(a) of the Florida Statutes (1989) already limit the availability of a fee waiver to Project Independence participants. However, we cannot find any such limitation in these statutes.
*266 Section 409.029(2)(i)(6), a provision of the Florida Employment Opportunity Act, provides:
Where possible, federal funds available through the Job Training Partnership Act, Wagner-Peyser, and the Carl Perkins Act, state education and training funds, and other applicable federal and state funds shall be targeted for the purpose of this act.
The purpose of the Florida Employment Opportunity Act is to aid public assistance recipients in becoming productive members of society. See id. § 409.029(2). The legislature recognized that "[i]n order to provide applicants and recipients with an opportunity to become self-supporting, state and local interagency coordination must occur." Id. § 409.029(2)(c). Thus, the purpose of section 409.029(2)(i)(6) is to encourage the appropriate agencies to direct funds from the mentioned sources to aid welfare recipients in becoming self-sufficient. This statute places no requirements or conditions upon an applicant seeking a fee waiver under sections 230.645(2)(f) and 240.35(3).
Likewise, we find in section 240.35(1)(a) no limitation upon a Project Independence participant's right to a fee waiver. Section 240.35(1)(a) provides:
Any student for whom the state is paying a foster care board payment pursuant to s. 409.145(3) or parts III and V of chapter 39, for whom the permanency planning goal pursuant to part V of chapter 39 is long-term foster care or independent living shall be exempt from the payment of all undergraduate fees, including fees associated with enrollment in college preparatory instruction or completion of college-level communication and computation skills testing programs. Before a fee examination can be given, the student shall have applied for and been denied financial aid, pursuant to s. 240.404, which would have provided, at a minimum, payment of all student fees.
This provision is completely inapplicable to the case before us. By its express language, this statute applies specifically to "student[s] for whom the state is paying a foster care board payment." There is no reference to either AFDC recipients or Project Independence participants. Foster care is an entirely separate program from the Project Independence program and has its own goals and purposes. See §§ 39.45-.456, Fla. Stat. (1989). Thus, section 240.35(1)(a) cannot be read as a requirement that all welfare recipients must exhaust other financial aid sources before becoming eligible for a fee waiver, especially in light of the specific grant of a tuition waiver to Project Independence participants found in sections 230.645(2)(f) and 240.35(3).
Alternatively, respondents argue that the proviso merely qualifies or restricts an appropriation. While the legislature may attach qualifications or restrictions to the use of appropriated funds, Brown v. Firestone, 382 So.2d at 663; see article III, section 8(a) of the Florida Constitution, "[s]uch qualifications and restrictions may not go to the extent of changing other substantive law." In re Advisory Opinion to the Governor, 239 So.2d 1, 10 (Fla. 1970). Thus, the legislature may make an appropriation contingent on specified conditions, but only if those conditions do not run contrary to preexisting statutes.
There is no question sections 230.645(2)(f) and 240.35(3) specifically grant an unconditional fee waiver to Project Independence participants. Nor is there any question that the proviso language to the 1990-91 appropriations bill at issue here imposes a requirement not found in preexisting law. The proviso would in effect amend sections 230.645(2)(f) and 240.35(3) to impose a condition to the fee waiver, a result forbidden by article III, section 12. See City of North Miami v. Florida Defenders of the Environment, 481 So.2d 1196 (Fla. 1985).
Accordingly, we hold that the proviso to chapter 90-209, Laws of Florida, violates article III, section 12 of the Florida Constitution. We direct the Secretary of State to expunge the unconstitutional language from chapter 90-209 and the official records of the state. We also direct the Comptroller and the Commissioner of the *267 Department of Education to ensure that these expunctions are reflected in the financial operations of the state. By stipulation of the parties, we will allow Project Independence students who had applications for federal grants dated prior to the issuance of this opinion to be permitted to receive those grant funds and will permit their fees to be paid in part from those grants in accordance with previously established procedures without the necessity of the colleges or the students returning the grant funds actually received for the current semester. Trusting that the respondents will fully comply with the views expressed in this opinion, we withhold issuance of the writ.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, GRIMES and KOGAN, JJ., concur.
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(8) of the Florida Constitution.
[2] In 1989, the legislature amended section 230.645, Florida Statutes (Supp. 1988), to provide:

230.645. Postsecondary student fees. 
(2) The following students are exempt from any requirement for the payment of fees for instruction:
(g) Students who are enrolled in an employment and training program pursuant to s. 409.029.
Ch. 89-334, § 2, Laws of Fla. Subsection (g), which was redesignated as subsection (f), see section 230.645, n. 2, Florida Statutes (1989), became effective October 1, 1990. Ch. 89-334, § 9, Laws of Fla. The proviso refers to this provision as subsection (f).
[3] The legislature in 1989 similarly amended section 240.35(3), Florida Statutes (Supp. 1988), to provide:

Any student whose fees are waived in excess of the authorized number of waivers shall not be included in calculations of full-time equivalent enrollments for state funding purposes. Students enrolled in dual enrollment and early admission programs pursuant to s. 240.116 or employment and training programs pursuant to s. 409.029 shall be exempt from the payment of registration, matriculation, and laboratory fees; however, such students shall not be included within calculations of fee-waived enrollments.
Ch. 89-334, § 3, Laws of Fla. (emphasis added). This provision also became effective October 1, 1990. Ch. 89-334, § 9, Laws of Fla.
[4] Murray receives welfare under the Aid to Families with Dependent Children (AFDC) program. Additionally, Murray participates in a federal education, training and employment program (JOBS). See Family Support Act of 1988, Pub.L. 100-485, 102 Stat. 2343; 45 C.F.R. § 250.30. In Florida, JOBS is implemented by Project Independence. See Florida Employment Opportunity Act, Fla. Stat. § 409.029 (1989); Fla. Admin. Code R. 10C-1.113.
[5] Article III, section 12 provides:

Laws making appropriations for salaries of public officers and other current expenses of the state shall contain provisions on no other subject.