648 So.2d 124 (1995)
Claire MOREAU, etc., Petitioner,
v.
Gerald LEWIS, etc., et al., Respondents.
No. 84019.
Supreme Court of Florida.
January 5, 1995.
*125 Cindy Huddleston, Anne Swerlick and Steven M. Goldstein of Florida Legal Services, Inc., Tallahassee, Paulette Ettachild and Mitchell Ritchie of Legal Services of Florida Keys, Key West, and John K. Aurell and John Beranek of Macfarlane, Ausley, Ferguson & McMullen, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and James A. Peters, Asst. Atty. Gen., Tallahassee, for respondent.
J. Hardin Peterson, Gen. Counsel, and Deborah K. Kearney, Deputy Gen. Counsel, Tallahassee, amicus curiae for Governor Lawton Chiles.
W. Dexter Douglass and John A. Rudolph, Jr. of Douglass, Powell & Rudolph, Tallahassee, Kenneth C. Jenne, II of Conrad, Scherer, James & Jenne, Fort Lauderdale, and D. Stephen Kahn of Kahn and Dariotis, P.A., Tallahassee, for the Florida Senate; Thomas Ross McSwain, B. Elaine New and Richard E. Herring, Tallahassee, for the Florida House of Representatives, amicus curiae for Florida Legislature.
GRIMES, Chief Justice.
Claire Moreau petitions this Court for a writ of mandamus which would require: (1) the Secretary of State to expunge allegedly unconstitutional enactments in the 1994-1995 General Appropriations Act and the Implementing Bill to the 1994-1995 General Appropriations Act from the records of the State; and (2) the Comptroller and the Secretary of the Agency for Health Care Administration to ensure that these expunctions are reflected in the financial operations of the State. We have jurisdiction pursuant to article V, section 3(b)(8) of the Florida Constitution.
According to the petition, Claire Moreau is a Medicaid recipient. Her physician has prescribed medications for her which she must refill monthly. Each month, Moreau receives a small check from Social Security. She has no other source of income.
Section 409.9081, Florida Statutes (1993), provides that Medicaid recipients shall pay a nominal copayment for physician services and outpatient hospital services.[1] Section 409.9081 does not provide for a Medicaid pharmacy copayment. Legislation that would have amended section 409.9081 to *126 mandate Medicaid pharmacy copayments was introduced, but defeated, during the 1994 legislative session. Specific Appropriation 63 of the 1994-1995 General Appropriations Act, however, provides in pertinent part: "Funds in Specific Appropriation 63 reflect a reduction of $2,612,485 in General Revenue and $3,346,650 in Medical Care Trust Fund to reinstate the pharmacy $1.00 co-payment cost containment initiative." Ch. 94-357, § 1A(63), at 2916, Laws of Fla.[2] In addition, section 2, subsection 18 of the Implementing Bill to the 1994-1995 General Appropriations Act provides, in pertinent part: "Notwithstanding the provisions of section 409.9081, Florida Statutes, the Agency for Health Care Administration shall amend the Medicaid State Plan to require a $1 pharmacy copayment to implement the provisions of specific appropriation 63 of the General Appropriations Act for fiscal year 1994-1995." Ch. 94-358, § 2(18), at 3282, Laws of Fla.
Moreau contends that Specific Appropriation 63 and section 2, subsection 18 of the Implementing Bill are unconstitutional. More specifically, Moreau argues that Specific Appropriation 63 violates the single-subject requirements set forth in article III, sections 6 and 12 of the Florida Constitution.[3] Additionally, Moreau argues that section 2, subsection 18 of the Implementing Bill violates the single-subject requirement and the prohibition against amendment by reference set forth in article III, section 6 of the Florida Constitution.
We have previously recognized that under ordinary circumstances the constitutionality of a statute should be challenged by filing a suit for declaratory judgment in circuit court. House of Representatives v. Martinez, 555 So.2d 839, 848 (Fla. 1990) (Grimes, J., concurring in part, dissenting in part); Division of Bond Fin. v. Smathers, 337 So.2d 805, 807 (Fla. 1976); Dickinson v. Stone, 251 So.2d 268, 271 (Fla. 1971). However, this Court has issued writs of mandamus ordering the expunction of unconstitutional provisions in General Appropriations Acts. Murray v. Lewis, 576 So.2d 264, 266-67 (Fla. 1990); Smathers, 337 So.2d at 807-08; Dickinson, 251 So.2d at 274. In Dickinson, we held that a mandamus will issue where "the functions of government will be adversely affected unless an immediate determination is made by this Court." 251 So.2d at 271. We exercise our discretion in this case because we believe that an immediate determination is necessary to protect governmental functions.[4]
We first turn to Moreau's contention that Specific Appropriation 63 violates the single-subject requirements set forth in article III, sections 6 and 12 of the Florida Constitution. In support of that contention, Moreau argues that Specific Appropriation 63 provides for the reinstatement of Medicaid pharmacy co-payments in derogation of this Court's admonition in Brown v. Firestone, 382 So.2d 654 (Fla. 1980). In Brown v. Firestone, this Court concluded that "an appropriations bill must not change or amend existing law on subjects other than appropriations." 382 So.2d at 664. We have no quarrel with the law so stated. However, we do not read the challenged language in Specific Appropriation 63 as amending section 409.9081 by reinstating the Medicaid pharmacy copayment. Rather, the challenged language is merely descriptive of a reduction in an appropriation *127 coupled with a nebulous reference to a "$1.00 co-payment cost containment initiative." Standing alone, the challenged language in Specific Appropriation 63 commands nothing.
Moreau also contends that section 2, subsection 18 of the Implementing Bill amends section 409.9081 insofar as it reinstates the Medicaid pharmacy copayment. As to the single-subject requirement, Moreau argues that an implementing bill must not change or amend existing law on subjects other than the implementation of appropriations acts. We agree.
In Brown v. Firestone, this Court recognized that
[t]wo major considerations underlie the "one subject" requirement of article III, section 12. The first is the need to prevent "logrolling" in appropriations bills... . The second reason behind the one subject requirement is to ensure the integrity of the legislative process in substantive lawmaking... . Our state constitution demands that each bill dealing with substantive matters be scrutinized separately through a comprehensive process which will ensure that all considerations prompting legislative action are fully aired. Provisions on substantive topics should not be ensconced in an appropriations bill in order to logroll or to circumvent the legislative process normally applicable to such action... . Were we to sanction a rule permitting an appropriation bill to change existing law, the legislature would in many instances be able to logroll, and in every instance the integrity of the legislative process would be compromised.
382 So.2d at 663-64. We conclude that the reasoning in Brown v. Firestone is equally applicable in this context. An implementing bill that changes or amends existing law on subjects other than appropriations runs afoul of article III, section 6 of the Florida Constitution. Section 409.9081 does not provide for a Medicaid pharmacy copayment. Section 2, subsection 18 of the Implementing Bill directs the Agency for Health Care Administration to reinstate the Medicaid pharmacy copayment. We conclude that section 2, subsection 18 of the Implementing Bill works a substantive change to section 409.9081 and therefore violates article III, section 6 of the Florida Constitution. Because we conclude that section 2, subsection 18 of the Implementing Bill violates the single-subject requirement, we need not address Moreau's contention that section 2, subsection 18 violates the prohibition against amendment by reference.
The legislature's contention that section 2, subsection 18 does nothing more than implement the language of Specific Appropriation 63 cannot prevail. Because an appropriations bill must not change or amend existing law on subjects other than appropriations, it follows that a bill designed to implement the appropriations bill also must not change or amend existing law on subjects other than appropriations. As noted above, Specific Appropriation 63 did not change or amend existing law. However, section 2, subsection 18 of the Implementing Bill obviously amended existing law by requiring a Medicaid pharmacy copayment. To permit this to be accomplished through the vehicle of the implementing bill would effectively nullify the requirement that an appropriations bill may only deal with appropriations.
Having determined that section 2, subsection 18 is unconstitutional, we must decide whether the offending subsection is severable from the remainder of the Implementing Bill. See Eastern Air Lines, Inc. v. Department of Revenue, 455 So.2d 311, 317 (Fla. 1984). The Implementing Bill contains a severability clause.[5] Albeit not binding, a legislatively expressed preference for the severability of voided provisions is persuasive. State v. Champe, 373 So.2d 874, 880 (Fla. 1978). This Court has previously summarized the general rules regarding severability:

*128 An unconstitutional portion of a general law may be deleted and the remainder allowed to stand if the unconstitutional provision can be logically separated from the remaining valid provisions, that is, if the legislative purpose expressed in the valid provisions can be accomplished independently of those which are void; and the good and bad features are not inseparable and the Legislature would have passed one without the other; and an act complete in itself remains after the invalid provisions are stricken.
Presbyterian Homes v. Wood, 297 So.2d 556, 559 (Fla. 1974). The Implementing Bill is "[a]n act relating to implementing the fiscal year 1994-1995 General Appropriations Act." Ch. 94-358, at 3276, Laws of Fla. We conclude that the legislature's implementation of the 1994-1995 General Appropriations Act would still be accomplished if section 2, subsection 18 was struck and the remainder of the Implementing Bill left intact.
Accordingly, we hold that section 2, subsection 18 of the Implementing Bill to the 1994-1995 General Appropriations Act, violates article III, section 6 of the Florida Constitution. We direct the Secretary of State to expunge this unconstitutional provision from the Implementing Bill to the 1994-95 General Appropriations Act and the official records of the State. Additionally, we direct the Comptroller and the Secretary of the Agency for Health Care Administration to ensure that this expunction is reflected in the financial operations of the State. Because we believe respondents will fully comply with the views expressed in this opinion, we withhold the formal issuance of the writ of mandamus at this time. See Murray v. Lewis, 576 So.2d at 267; House of Representatives v. Martinez, 555 So.2d at 846.
It is so ordered.
OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Section 409.9081 states, in pertinent part:

(1) Effective July 1, 1993, the agency shall require, subject to federal regulations and limitations, each Medicaid recipient to pay at the time of service a nominal copayment for the following Medicaid services:
(a) Hospital outpatient services: up to $2 for each hospital outpatient visit.
(b) Physician services: up to $2 copayment for each visit with a physician licensed under chapter 458, chapter 459, chapter 460, chapter 461, or chapter 463.
[2] The legislature employs the term "reinstate" because the Agency for Health Care Administration previously required copayments for pharmacy services until that policy was invalidated in a rule challenge proceeding brought pursuant to section 120.56, Florida Statutes (1993). Henry v. Agency for Health Care Admin., 15 F.A.L.R. 4723 (Fla.Div. of Admin.Hearings 1993).
[3] Article III, section 6 provides:

Every law shall embrace but one subject and matter properly connected therewith, and the subject shall be briefly expressed in the title. No law shall be revised or amended by reference to its title only. Laws to revise or amend shall set out in full the revised or amended act, section, subsection or paragraph of a subsection. The enacting clause of every law shall read: "Be It Enacted by the Legislature of the State of Florida:".
Article III, section 12 provides: "Laws making appropriations for salaries of public officers and other current expenses of the state shall contain provisions on no other subject."
[4] We also note, parenthetically, that no relevant factual dispute remains which would require extensive fact-finding.
[5] Section 8 of the Implementing Bill states: "If any provision of this act or the application thereof to any person or circumstance is held invalid, the invalidity shall not affect other provisions or applications of the act which can be given effect without the invalid provision or application, and to this end the provisions of this act are declared severable." Ch. 94-358, § 8, at 3296, Laws of Fla.