LEWIS, J.,
specially concurring.
Despite the sound and fury emanating from the dissenting opinion, I suggest that our constitutional authority and responsibility to undertake the action contemplated in today’s order is patently clear. The Court has before it a writ petition challenging the constitutional validity of the October 1, 2003 deadline for filing motions for postconviction DNA testing provided in section 925.11(l)(b) of the Florida Statutes. The petitioners have requested that this Court issue a writ declaring that provision unconstitutional either on its face or as applied. This certainly impacts not only the administration of our criminal justice system but also cases involving capital punishment, a subject within the exclusive jurisdiction of this Court.
There is no question that the Florida Constitution grants this Court jurisdiction to consider issuance of the writ requested. See art. V, § 3(b)(8), Fla. Const, (providing that this Court may issue “writs of mandamus”). Indeed, this Court has held on a multitude of occasions in a wide range of contexts that mandamus is appropriate where government functions will be adversely affected without an immediate determination by this Court. See, e.g., Allen v. Butterworth, 756 So.2d 52, 55 (Fla.2000); Moreau v. Lewis, 648 So.2d 124, 126 (Fla.1995); Div. of Bond Finance v. Smothers, 337 So.2d 805, 807 (Fla.1976); Dickinson v. Stone, 251 So.2d 268, 271 (Fla.1971).
However, the reality of the instant situation is that if this action were not taken, any determination made by this Court after October 1, 2003, regarding the propriety of exercising jurisdiction over the instant matter or the substantive constitutionality of the challenged provision would be rendered totally moot. The statutory deadline may have operated to produce a time bar against any subsequently filed motions for DNA testing, and, indeed, may have even permitted the destruction of the DNA evidence at issue. Thus, under the circumstances presented, the Court has properly exercised the constitutional grant of authority to issue “all writs necessary to complete exercise of *192 its jurisdiction” in a reasonable, rational, and responsible manner, see art. V, § 8(b)(7), Fla. Const., to hold operation of the statutory deadline in abeyance and to maintain the existence and integrity of the DNA evidence until such time as we may render a decision on the petition before us. See Petit v. Adams, 211 So.2d 565, 566 (Fla.1968) (utilizing “all writs” authority to prevent the erasure of voting results and determining that “[t]he erasure of such counters would render these proceedings moot and would in effect prevent this Court, in the event it determines it has jurisdiction, from the complete exercise thereof’). The separation of powers between the judiciary and the legislative branch is not impacted by the decision to suspend operation of the statutory deadline during consideration of a challenge to its constitutional validity, especially to a statute that relates to post-conviction motions in all death cases and all criminal cases. See Cone v. King, 143 Fla. 323, 196 So. 697, 698 (1940).
Even should this Court later determine that it does not have a jurisdictional basis to reach the merits of the instant petition, we certainly then would have the constitutional authority to transfer the matter to the appropriate court. See art. V, § 2(a), Fla. Const. In any case, it would be most appropriate to hold the statutory deadline in abeyance until the matters now before us are thoroughly vetted. We consider not trivial issues, but matters that may impact literally the life or death of human beings and concern the rights to liberty guaranteed in the Constitution.
I would further note that this Court has exclusive constitutional authority to issue and amend the rules governing the practice and procedure before the courts of this state, which would, most assuredly, include the subject deadline for filing post-conviction motions for DNA testing under rule 3.853 of the Florida Rules of Criminal Procedure. See art. V, § 2(a), Fla. Const. Our authority to determine whether the constitutional issues presented in the instant petition merit an amendment to rule 3.853 would be completely usurped if the statutory deadline were simply allowed to pass and law enforcement agencies were authorized to destroy DNA evidence after October 1, 2003.
The alternative path, the path subscribed to by the dissent, would render ineffectual this Court’s deliberations regarding the propriety of exercising jurisdiction in the instant matter, as well as any subsequent decision on the merits of the matters before us. Incarcerated individuals would be time-barred from requesting DNA testing, regardless of whether this Court determines that the statutory deadline violates important constitutional rights. Indeed, under the dissent’s view of this Court’s jurisdiction we would be powerless to amend our own rules pertaining to such postconviction proceedings. The rigid construction favored by the dissenting view would render this Court powerless to realize the full scope of its constitutional jurisdiction and concomitant responsibility. This Court’s constitutional position would be undermined and compromised if the status quo could not be maintained as the issues of constitutional magnitude now presented are considered. I suggest that the outcome advanced in the dissenting opinion is neither required by the Constitution of this state nor supported by any principle of sound logic and manifest justice.
ANSTEAD, C.J., and PARIENTE and QUINCE, JJ., concur.