570 So.2d 1386 (1990)
NORRIS & ASSOCIATES OF NAPLES, INC., a Florida Corporation, Appellant,
v.
James W. ELKINS, Appellee.
Nos. 90-00719, 90-01689.
District Court of Appeal of Florida, Second District.
December 14, 1990.
Frank P. Murphy of Hampton, Murphy, Keane & Pyle, Naples, for appellant.
Hala Mary Ayoub of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, for appellee.
PATTERSON, Judge.
This case arose from a dispute over a broker's commission on a real estate sale. *1387 Norris & Associates of Naples, Inc. (Norris), plaintiff below, appeals a final summary judgment and a final judgment for attorney's fees and costs in an action against attorney James Elkins (Elkins), defendant below, for negligence and breach of fiduciary duty in the disbursement of a real estate commission. We affirm the summary judgment which finds no liability, but reverse the award of attorney's fees.
The real estate contract disclosed Norris as the procuring broker and Platinum Coast Realty (Platinum) as the listing broker and provided that the seller was obligated to pay the commission. Norris contends that Platinum informed it that Norris would receive a two and one-half percent commission of $58,750.00
Prior to the closing on March 31, 1989, Elkins, who represented the seller, prepared a preliminary closing statement listing a $58,750.00 commission for Norris and nothing for Platinum. The buyer's attorney sent a lump-sum check to Elkins, but neither the buyer, the seller, nor the brokers signed the preliminary closing statement before closing.
The seller first reviewed the preliminary statement on the day of closing and indicated that there was an error in the seller's expense portion with regard to the division of the brokerage commission between Norris and Platinum. The seller instructed Elkins to correct the error by making the full commission payable to Platinum as required by his brokerage contract with Platinum, the listing broker. It was understood that Platinum, as was customary, would then settle the amount owed to Norris. Elkins made the correction and disbursed the funds according to his client's instructions. On the day of closing, Elkins mailed the final closing statement, which showed the disbursement to Platinum, to the buyer's attorney.
Several days later, Platinum delivered a check for $29,375.00 to Norris for payment of a one and one-fourth percent commission. Norris returned the check to Platinum and stated that the agreement called for a two and one-half percent commission on the sale.
Norris sued Elkins, the seller, and Platinum and alleged that Elkins breached his fiduciary duty to Norris and that Elkins was negligent in his handling of the real estate transaction.
Elkins filed a $100.00 offer of judgment and settlement under sections 45.061 and 768.79, Florida Statutes (1989), and Florida Rule of Civil Procedure 1.442. Norris did not accept the offer. After hearing on cross-motions for summary judgment, the trial court entered a summary final judgment for Elkins on the issue of liability. In separate proceedings, the trial court awarded Elkins attorney's fees of $4,220.50, but did not specify the basis for the award. This appeal followed.
The trial court correctly entered summary judgment in favor of Elkins. Norris was not one of Elkins's clients, it was not a party to an escrow agreement with Elkins, and it was not an intended third-party beneficiary of the sale contract. An attorney has a duty of care to those persons with whom the attorney is in privity or who are intended third-party beneficiaries. Angel, Cohen and Rogovin v. Oberon Inv., N.V., 512 So.2d 192 (Fla. 1987). No liability exists because Elkins did not owe a duty of care to Norris.
The award of attorney's fees in favor of Elkins, however, must be reversed. This court has reversed awards of attorney's fees made under sections 45.061 and 768.79, Florida Statutes (1989), and Florida Rule of Civil Procedure 1.442, when the judgment was not rendered in favor of the plaintiff.[1]See Luizza v. Yaeger, 571 So.2d 600 (Fla. 2d DCA 1990) (section 768.79 and rule 1.442); Gunn v. DePaoli, 562 So.2d 427 *1388 (Fla. 2d DCA 1990) (section 768.79); Coe v. B & D Transp. Services, Inc., 561 So.2d 469 (Fla. 2d DCA 1990) (section 45.061); Kline v. Publix Supermarkets, Inc., 568 So.2d 929 (Fla. 2d DCA 1990) (section 768.79 and rule 1.442).
We remand this cause for the trial court to vacate the fee award and enter an award for costs pursuant to section 57.041, Florida Statutes (1989).
Affirmed in part and reversed in part.
LEHAN, A.C.J., and HALL, J., concur.
NOTES
[1] Chapter 90-119, Laws of Florida, has substantially rewritten section 768.79, effective October 1, 1990, and now provides for the recovery of costs and fees when the plaintiff fails to accept an offer of judgment and the trial court enters a judgment of no liability. Rule 1.442 has also been rewritten but does not affect the result here. See Kline v. Publix Supermarkets, Inc., 568 So.2d 929, 930 (Fla. 2d DCA 1990); The Florida Bar Re: Amendment to the Rules of Civil Procedure, Rule 1.442 (Offer of Judgment), 550 So.2d 442 (Fla. 1989).