578 So.2d 348 (1991)
Mary M. HUGHES, Appellant,
v.
Donald A. GOOLSBY and Marine Transit, Inc., a Foreign Corporation, Appellees.
Mary M. Hughes and Charles E. Hughes, Her Husband, Appellants,
v.
Donald A. GOOLSBY and Marine Transit, Inc., a Foreign Corporation, Appellees.
Nos. 90-1993, 90-2966.
District Court of Appeal of Florida, First District.
April 4, 1991.
Rehearing Denied May 17, 1991.
John W. Williams of Williams, Brasfield, Wertz, Fuller, Goldman & Freeman, P.A., St. Petersburg, for appellants.
*349 R. Dennis Comfort and Robin L. Adams of Dell, Graham, Willcox, Barber & Henderson, P.A., Gainesville, for appellees.
PER CURIAM.
Mary Hughes appeals the final judgment entered on a jury verdict awarding her damages in a personal injury action, the order denying her motion for new trial or additur in respect to that judgment, the supplemental final judgment awarding attorneys' fees, and the supplemental final judgment awarding costs. After careful review of the record, we are unable to find that the trial judge abused his discretion in refusing to grant the motion for new trial or additur, and affirm the judgment and order denying those motions.
With regard to the judgment awarding attorneys' fees pursuant to section 768.79, Florida Statutes (1989), we agree with appellant that this statute is unconstitutional for the reasons stated in Milton v. Leapai, 562 So.2d 804 (Fla. 5th DCA 1990), which determined section 45.061, Florida Statutes (1987), unconstitutional. The reasoning in that opinion is equally applicable to the provisions in section 768.79. We reverse the award of attorneys' fees pursuant to that statute and certify the following question of great public importance:
WHETHER THE LEGISLATURE'S ENACTMENT OF SECTION 768.79, FLORIDA STATUTES, CONSTITUTED THE ADOPTION OF A RULE OF PROCEDURE IN VIOLATION OF ARTICLE V, SECTION 2(a) OF THE FLORIDA CONSTITUTION.
Finally, we find no error in the trial court's determination of the liability for and the extent of litigation costs and affirm the supplemental final judgment awarding costs.
AFFIRMED IN PART and REVERSED IN PART.
BOOTH, ZEHMER, and WOLF, JJ., concur.