576 So.2d 969 (1991)
Jackson CURENTON, Jr., et al., Appellants,
v.
Rass CHESTER, et al., Appellees.
No. 90-1690.
District Court of Appeal of Florida, Fifth District.
April 4, 1991.
Gregory S. Stark of Eubanks, Hilyard, Rumbley, Meier & Lengauer, Orlando, for appellants.
F. Bradley Hassell of Eubank, Green, Hassell, Miles & Lewis, Daytona Beach, for appellees.
DIAMANTIS, Judge.
Third party plaintiffs/appellants Jackson Curenton, Jr. and Donald J. Gettlefinger, d/b/a Gettlefinger Farms, appeal an award of attorney's fees following their voluntary dismissal with prejudice of the third party claim against third party defendants/appellees *970 Rass Chester and Jacqueline Denis Canidate. We reverse.
Plaintiff Ernest Chester was a passenger in a vehicle, owned by third party defendant Rass Chester and operated by third party defendant Jacqueline Denis Canidate, when the vehicle was involved in an accident. The vehicle in which the plaintiff was riding collided with a vehicle owned by third party plaintiff Gettlefinger Farms and operated by third party plaintiff Jackson Curenton, Jr. Plaintiff sued Gettlefinger and Curenton for personal injuries. Gettlefinger and Curenton filed a third party complaint for contribution against Rass Chester and Canidate.
Rass Chester and Canidate served offers of judgment upon Gettlefinger and Curenton, but those offers were not accepted. Plaintiff later settled with Gettlefinger and Curenton and submitted a joint stipulation and order for dismissal with prejudice. Gettlefinger and Curenton then filed a voluntary dismissal with prejudice of their third party claim against Rass Chester and Canidate. A joint stipulation and order dismissing the third party claim with prejudice was entered.
Rass Chester and Canidate filed motions to tax costs and for attorney's fees pursuant to sections 768.79 and 45.061 of the Florida Statutes (1989), and Rule 1.442 of the Florida Rules of Civil Procedure. The motion for attorney's fees indicated that Rass Chester and Canidate had served offers of judgment, that the offers were not accepted, but that the case later settled and the third party claim was dismissed with prejudice. The trial court entered an order granting the motions for attorney's fees and costs, however, the order does not specify the authority upon which the court based the award.
Section 768.79(1)(a) of the Florida Statutes provides:
In any action to which this part applies, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred from date of filing of the offer if the judgment obtained by the plaintiff is at least 25 percent less than such offer... . (emphasis added)
Similarly, section 45.061(2) states that a party who has made an offer of settlement is entitled to recover attorney's fees after entry of judgment if the court determines that the offer was unreasonably rejected.
We hold that attorney's fees are not recoverable in the instant case under section 768.79(1)(a). A literal application or plain reading of that statute indicates its inapplicability when the plaintiff fails to obtain a judgment or award since it describes only the course of action to be taken following a plaintiff's verdict. Oriental Imports, Inc. v. Alilin, 559 So.2d 442 (Fla. 5th DCA 1990). We next hold that attorney's fees are also not recoverable in this case under section 45.061. The motion for attorney's fees fails to allege, and the trial court's order does not state, that the offer was unreasonably rejected. Additionally, in Milton v. Leapai, 562 So.2d 804 (Fla. 5th DCA 1990), this court held section 45.061 unconstitutional because its procedural aspects encroached upon the exclusive rule making authority of the supreme court.
We further hold that attorney's fees are not recoverable under Rule 1.442 of the Florida Rules of Civil Procedure. Rule 1.442(h) provides in pertinent part as follows:
Rule 1.442 OFFER OF JUDGMENT
* * * * * *
(h) Sanctions.
(1) Upon motion made within 30 days after the return of the verdict in a jury action or the date of filing of the judgment in a non-jury action, the court may impose sanctions equal to reasonable attorneys fees and all reasonable costs of the litigation accruing from the date the relevant offer of judgment was made whenever the court finds both of the following:
(A) that the party against whom sanctions are sought has unreasonably rejected or refused the offer, resulting in unreasonable *971 delay and needless increase in the cost of litigation; and
(B) that either
(i) an offer to pay was refused and the damages awarded in favor of the offeree and against the offeror are less than 75 percent of the offer; or
(ii) an offer to accept payment was refused and the damages awarded in favor of the offeror and against the offeree are more than 125 percent of the offer. (emphasis added, footnotes omitted).
Here, the trial court's order does not set forth findings as required by subsections (A) and (B)(i), (ii). Additionally, the rule requires, as a predicate for the award of attorney's fees, either the return of a verdict in a jury action or the filing of a judgment in a non-jury action. Here, we only have a voluntary dismissal with prejudice.
As a fall back position, Rass Chester and Canidate argue on appeal that section 57.105 of the Florida Statutes (1989), supports the trial court's order. We reject this argument. Chester and Canidate failed to raise section 57.105 in the trial court and the trial court made no findings that there was no justiciable issue of law or fact. Schwartz v. W-K Partners, 530 So.2d 456 (Fla. 5th DCA 1988). Also, the record does not demonstrate that the third party action was "so clearly devoid of merit both on the facts and the law as to be completely untenable." Allen v. Estate of Dutton, 384 So.2d 171, 175 (Fla. 5th DCA 1980), rev. denied, 392 So.2d 1373 (Fla. 1980).
REVERSED.
COWART and GRIFFIN, JJ., concur.