579 So.2d 840 (1991)
Clyde TIMMONS, Appellant,
v.
Bonnie S. COMBS, Appellee.
No. 90-2796.
District Court of Appeal of Florida, First District.
May 14, 1991.
Rehearing Denied June 17, 1991.
Rob Bowdoin of Darby, Peele, Bowdoin & Payne, Lake City, for appellant.
Martin S. Page, Lake City, for appellee.
PER CURIAM.
Appellant, the defendant in a lawsuit filed by appellee, who received a jury verdict of no liability followed by a final judgment *841 in his favor, appeals, contending the trial court erred in determining that he was not entitled to recover attorney's fees and costs under section 45.061, Florida Statutes (1989), for the appellee/plaintiff's unreasonable failure to accept an offer of settlement. Upon consideration of the briefs and arguments of the parties, we concur with the decisions of the Second District Court of Appeal in Norris & Associates of Naples, Inc. v. Elkins, 570 So.2d 1386 (Fla. 2d DCA 1990), and Coe v. B & D Transp. Services, Inc., 561 So.2d 469 (Fla. 2d DCA 1990), which hold that a defendant may not recover under section 45.061 where no judgment was rendered in favor of the plaintiff.[1]
AFFIRMED.
SMITH, WIGGINTON, JJ. and WENTWORTH, S.J., concur.
NOTES
[1] In an unrelated case, Hughes v. Goolsby, 578 So.2d 348 (Fla. 1st DCA 1991), this court reversed an award of attorney's fees, holding that section 768.79, Florida Statutes (1989), is unconstitutional for the reasons stated in Milton v. Leapai, 562 So.2d 804 (Fla. 5th DCA 1990), with respect to the Fifth District's determination that section 45.061 is unconstitutional; question certified to the Florida Supreme Court with respect to section 768.79. No issue of constitutionality has been raised in the case before us.