ALLEN, Judge.
The appellant, Theodore Richardson, challenges an order awarding appellee, Ulyssee Sharp, Jr., his attorney’s fee and costs after Richardson’s complaint against the appellee was dismissed with prejudice. We find that the appellee failed to demonstrate a proper basis for the award of an attorney’s fee and costs, and we therefore reverse the challenged order.
Richardson filed a complaint naming the appellee and Sharp Community Ambulance Service as defendants. The appellee made an offer of judgment and settlement which Richardson did not accept, and the court dismissed the complaint without prejudice. Richardson filed an amended complaint which was also dismissed without prejudice. Richardson then filed a second amended complaint which included Sharp Community Ambulance Service as a plaintiff. The court dismissed this second amended complaint with prejudice, determining that it had become apparent that Richardson could not state a cause of action. The prior dismissal orders reflected the court’s conclusion that Richardson was attempting to present both an individual claim and a shareholder’s derivative claim, but that the allegations of the complaints indicated that Richardson was not a shareholder and did not otherwise have an enforceable claim. After the dismissal with prejudice, the court held a hearing on the appellee’s request for an attorney’s fee and costs. The appellee argued that such an award could be made pursuant to Florida Rule of Civil Procedure 1.442, and sections 45.061 and 607.147(4), Florida Statutes. The court accepted this argument and, concluding that Sharp Community Ambulance Service was only a nominal plaintiff in the second amended complaint, entered the order directing Richardson to pay the appel-lee’s attorney’s fee and costs.
In making this award as to Richardson’s individual claims, the court relied on section 45.061 and rule 1.442. The statute authorizes such an award as a sanction for the unreasonable refusal of an offer of settlement, but expressly requires the “entry of judgment” before sanctions may be imposed. See section 45.061(2), Fla.Stat. While dicta in Makar v. Investors Real Estate Management, Inc., 553 So.2d 298 (Fla. 1st DCA 1989) suggests that a dismissal with prejudice might be sufficient in this regard, in the more recent case of Timmons v. Combs, 579 So.2d 840 (Fla. 1st DCA 1991), this court held that the statutory language requires a judgment in favor of the plaintiff, and does not authorize an award upon a judgment for the defendant. Accord, Norris & Associates of Naples, Inc. v. Elkins, 570 So.2d 1386 (Fla. 2d DCA 1990); Coe v. B & D Transportation Services, Inc., 561 So.2d 469 (Fla. 2d DCA 1990); contra, Memorial Sales, Inc. v. Pike, 579 So.2d 778 (Fla. 3d DCA 1991). And the applicable version of rule 1.442, as effective when the offer of judgment was made in this case, also requires a “judgment ... obtained by the adverse party.” See Fla.R.Civ.P. 1.442 (1988). Like section 45.061, rule 1.442 (1988) does not apply if a judgment is not rendered in favor of the party asserting a claim. See Norris and Associates; B & H Construction & Supply Co., Inc. v. Tallahassee Community College, 542 So.2d 382 (Fla. 1st DCA), rev. denied 549 So.2d 1013 (Fla.1989). Furthermore, as the appellee conceded below, rule 1.442 (1988) permits only the assessment of costs, and not an attorney’s fee. Since the appellee did not establish the necessary predicate to invoke either section 45.061 or rule 1.442 (1988), neither an attorney’s fee nor costs should have been awarded under these provisions.[1]
*780 In awarding the appellee’s attorney’s fee and costs as to Richardson’s shareholder derivative claim, the court relied on section 607.147(4), Florida Statutes (1987). By its express language, this statute, which was effective when Richardson’s complaints were filed, requires a “final judgment” and is limited to “an action commenced or maintained by a shareholder ...” Although Richardson attempted to present a shareholder derivative claim, in dismissing the complaints the court determined that the pleadings established that Richardson was not a shareholder. Since the action was thus not “commenced or maintained by a shareholder,” section 607.-147(4), Florida Statutes (1987), does not apply to this proceeding.
The appealed order is reversed and the cause remanded.
JOANOS, C.J., and BOOTH, J., concur.

. Richardson also argues that section 45.061, Florida Statutes unconstitutionally infringes upon the Florida Supreme Court’s exclusive authority to adopt rules of practice and procedure. This argument was rejected in A.G. Edwards & Sons, Inc., v. Davis, 559 So.2d 235 (Fla. 2d DCA 1990). But the statute was declared unconstitutional on this basis in Milton v. Leapai, 562 So.2d 804 (Fla. 5th DCA 1990). This court has adopted the reasoning of Milton in declaring a similar statute to be unconstitutional. See Hughes v. Goolsby, 578 So.2d 348 (Fla. 1st DCA 1991). However, it is unnecessary for us to address Richardson’s constitutional argument in this case since we find that the appellee did not establish the necessary predicate for the application of the statute.