DIAMANTIS, Judge.
Appellant Izetta-Su Hostetter-Jones appeals a final judgment entered in favor of appellee Morris Newspaper Corporation. We affirm the final judgment of the trial court with respect to all matters raised on appeal except as to the award of attorney’s fees to appellee, which we reverse.
Appellant brought a negligence case against the appellee and the jury found that appellee was not negligent. The trial court awarded attorney’s fees to appellee pursuant to rule 1.442 of the Florida Rules of Civil Procedure which provides in pertinent part:
Rule 1.442 OFFER OF JUDGMENT
* ⅜ * * * ⅜
(h) Sanctions.
(1) Upon motion made within 30 days after the return of the verdict in a jury action or the date of filing of the judgment in a non-jury action, the court may impose sanctions equal to reasonable attorneys fees and all reasonable costs of the litigation accruing from the date the relevant offer of judgment was made whenever the court finds both of the following:
(A) that the party against whom sanctions are sought has unreasonably rejected or refused the offer, resulting in unreasonable delay and needless increase in the cost of litigation; and
(B) that either
(i) an offer to pay was refused and the damages awarded in favor of the offeree and against the offeror are less than 75 percent of the offer; or
(ii) an offer to accept payment was refused and the damages awarded in favor of the offeror and against the offeree are more than 125 percent of the offer, (emphasis added, footnotes omitted).
We have previously held that attorney’s fees are not recoverable under section 768.79(l)(a) of the Florida Statutes (1979) when the plaintiff fails to obtain a judgment or award because the statute’s literal language indicates that it is inapplicable to that situation. Curenton v. Chester, 576 So.2d 969 (Fla. 5th DCA 1991); Oriental Imports, Inc. v. Alilin, 559 So.2d 442 (Fla. 5th DCA 1990). We now hold that rule 1.442(h)(l)(B)(i) only applies to the situation where a verdict in a jury action or a judgment in a non-jury action awards damages in favor of the plaintiff/offeree and the damages awarded are less than 75 percent of the defendant’s offer. Accord Mujica v. Turner, 582 So.2d 24 (Fla. 3d DCA 1991); Sharp Community Ambulance Service, Inc. v. Sharp, 582 So.2d 778 (Fla. 1st DCA 1991); Norris & Associates of Naples, Inc. v. Elkins, 570 So.2d 1386 (Fla. 2d DCA 1990); Kline v. Publix Supermarkets, Inc., 568 So.2d 929 (Fla. 2d DCA 1990); B & H Construction & Supply Co., Inc. v. District Board of Trustees of Tallahassee Community College, 542 So.2d 382 (Fla. 1st DCA), rev. denied, 549 So.2d 1013 (Fla.1989).
We further note that the trial court erred in awarding attorney’s fees because *535 its order does not set forth findings as required by rule 1.442(h)(1)(A) and (B). See Curenton, 576 So.2d at 970-71.
Accordingly, we affirm the lower court’s judgment except as to the award of attorney’s fees which we reverse.
AFFIRMED in part; REVERSED in part.
COBB and HARRIS, JJ., concur.