579 So.2d 778 (1991)
MEMORIAL SALES, INC., a Florida Corporation and Mirror Lake Corporation, a Florida Corporation, Appellants,
v.
David L. PIKE and Mary Jane Pike, His Wife, Appellees.
No. 90-1772.
District Court of Appeal of Florida, Third District.
May 7, 1991.
*779 Knecht & Knecht, P.A., Michael C. Knecht and Spencer A. Emison, Miami, for appellants.
Kimbrell & Hamann, John W. Wylie and Anthony Upshaw, Miami, for appellees.
Before SCHWARTZ, C.J., and JORGENSON and GODERICH, JJ.
PER CURIAM.
The defendants, Memorial Sales, Inc. [Memorial] and Mirror Lake Corporation [Mirror], appeal the final order denying their motion to tax attorney's fees and costs. We reverse.
The plaintiffs, David and Mary Pike, filed a personal injury action against the defendants. On May 12, 1989, the defendants filed an offer of settlement pursuant to section 45.061, Florida Statutes (1987), in the amount of $2,501.00, which the plaintiffs rejected. On September 27, 1989, the trial court granted Memorial's motion for directed verdict. The jury entered a verdict for Mirror. The defendants filed a motion to tax costs and attorney's fees against the plaintiffs pursuant to section 45.061, seeking those costs incurred between the date the offer was filed and the date the court entered the verdicts. The trial court denied the motion because the plaintiffs had not obtained a judgment and because the defendants were not the real parties in interest since the defendants' insurance carrier had paid all costs and legal fees incurred in defending the action.[1] The parties stipulated that taxable costs in the amount of $2,500.00 and taxable attorney's fees in the amount of $18,000.00 are reasonable. The defendants appeal.
The defendants contend that they are entitled to recover their costs and attorney's fees because they obtained verdicts in their favor after the plaintiffs unreasonably rejected their settlement offer. We agree.
The trial court relied on Rabatie v. U.S. Security Ins. Co. (Fla. 3d DCA, Case Nos. 88-2229, 88-2503, opinion filed July 25, 1989) [14 FLW 1753], rev'd, on other grounds, on rehearing en banc (Fla. 3d DCA, opinion filed October 16, 1990) [15 FLW 2590], in determining that the defendants were not entitled to attorney's fees since the plaintiffs had not obtained a judgment. In Rabatie, this court, in interpreting section 768.79(1)(a), Florida Statutes (1987),[2] stated that "there must be a judgment for the plaintiff ... in order to award attorney's fees to the defendant." Rabatie, 14 FLW at 1753. The trial court's reliance on section 768.79(1)(a) as construed in Rabatie is misplaced. Unlike section 768.79(1)(a), section 45.061(2)(b), Florida Statutes (1987),[3] does not require that the plaintiff obtain a judgment prior to sanctions *780 being imposed. Thus, the rationale contained in Rabatie is not applicable to the instant case.
In the instant case, the plaintiffs rejected an offer of $2,501.00 and were awarded nothing. Pursuant to section 45.061, this creates the presumption that the plaintiffs unreasonably rejected the defendants' offer of settlement. Consequently, the defendants are entitled to recover the costs and attorney's fees which the parties have already stipulated to as reasonable.
Based on our determination of the first contention raised, we do not need to address the defendants' remaining contention that section 45.061 is unconstitutional as interpreted by the trial court.
Reversed.
NOTES
[1] The portion of the order denying the defendants' motion based on the fact that their insurer paid their costs and attorney's fees is erroneous. The Florida Supreme Court has ruled that an insured defendant could recover litigation costs even though they had been paid by his liability insurer. Aspen v. Bayless, 564 So.2d 1081 (Fla. 1990).
[2] Section 768.79(1)(a), Florida Statutes (1987), states, in pertinent part: "the defendant shall be entitled to recover reasonable costs and attorney's fees incurred from the date of filing of the offer if the judgment obtained by the plaintiff is at least 25 percent less than such offer... ." (emphasis added).
[3] Section 45.061(2)(b), Florida Statutes (1987), states, in pertinent part, that "an offer shall be presumed to have been unreasonably rejected by a plaintiff if the judgment entered is at least 25 percent less than the offer rejected."