595 So.2d 12 (1992)
Denise G. LEAPAI, Appellant,
v.
James Dean MILTON, Etc., Appellee.
No. 76241.
Supreme Court of Florida.
January 23, 1992.
Rehearing Denied March 27, 1992.
*13 Eric W. Ludwig of Eric W. Ludwig, P.A., Orlando, for appellant.
James O. Driscoll of James O. Driscoll, P.A., Orlando, for appellee.
Thomas R. Peppler and Keith R. Waters of Bogin, Munns & Munns, Orlando, amicus curiae, for Robert C. Keyes, Personal Representative of the Estate of Stella Mae Walker, deceased.
Terrence William Ackert, Orlando, amicus curiae, for Billy Joe Walker and Verniece W. Walker.
OVERTON, Justice.
This is an appeal from the Fifth District Court of Appeal's decision in Milton v. Leapai, 562 So.2d 804 (Fla. 5th DCA 1990), in which that court held section 45.061, Florida Statutes (1987), concerning offers of settlement and providing for attorney fees, unconstitutional because it infringes on the exclusive rule-making authority of the Supreme Court of Florida. We have jurisdiction, article V, section 3(b)(1), Florida Constitution, and we reverse, finding that the statute is constitutional to the extent that its procedural provisions have not been superseded by rule 1.442, Florida Rules of Civil Procedure.
The relevant facts are as follows. In 1986, James Dean Milton was involved in an automobile collision with a vehicle allegedly owned by Denise Leapai and driven by Mabel Ekeroma. State Farm Mutual Automobile Insurance Company, Milton's insurance company, paid Milton $2,859.05 for the damage to his vehicle. In 1988, Milton, for the use and benefit of State Farm, filed a subrogation claim action against Leapai and Ekeroma in the county court. On December 7, 1988, Leapai made a one dollar offer of settlement to Milton, which was rejected. Leapai then moved for summary judgment and filed an affidavit asserting that she sold the motor vehicle and endorsed and delivered the certificate of title to Ekeroma for said vehicle on December 6, 1985, approximately two months prior to the accident. Furthermore, Leapai filed an affidavit of the notary public who notarized her signature on the original certificate of title on December 6, 1985.
The county court granted summary judgment in favor of Leapai. Subsequently, Leapai filed a motion to tax costs and for an award of attorney fees in accordance with the provisions of sections 45.061 and 768.79, Florida Statutes (1987), and rule 1.442, Florida Rules of Civil Procedure, since she was the prevailing party and Milton had rejected her offer of judgment. The county court granted the motion and awarded Leapai costs and attorney fees. The county court also certified to the district court of appeal the following as questions of great public importance, in accordance with the provisions of rule 9.030(b)(4)(A), Florida Rules of Appellate Procedure:
WHETHER THE LEGISLATURE'S ENACTMENT OF F.S. SECTION 45.061 CONSTITUTED THE ADOPTION OF A RULE OF PROCEDURE IN VIOLATION OF ARTICLE V, SECTION 2(a) OF THE FLORIDA CONSTITUTION. WHETHER ATTORNEY'S FEES MAY BE IMPOSED AS SANCTIONS UNDER F.S. SECTION 45.061 WHERE THE OFFER OF SETTLEMENT WAS MADE SUBSEQUENT TO THE ENACTMENT OF THE STATUTE BUT WHERE PLAINTIFF'S CAUSE OF ACTION ACCRUED PRIOR TO THE ENACTMENT OF THE STATUTE.
*14 562 So.2d at 805. In answering the first question, the district court of appeal declared section 45.061 unconstitutional, vacated the order of attorney fees, and affirmed the trial court's entry of a summary judgment. Because of its answer to the first question, the district court declined to address the second certified question.
In its holding, the district court noted that this Court had previously held in The Florida Bar re Amendment to Rules of Civil Procedure, Rule 1.442 (Offer of Judgment), 550 So.2d 442 (Fla. 1989), that "to the extent the procedural aspects of the new rule 1.442 are inconsistent with sections 768.79 and 45.061, the rule supersedes the statutes." Milton, 562 So.2d at 807. The district court also noted that in that case this Court "declined to rule on the constitutionality of the `purely substantive aspects' of section 45.061." Id. Furthermore, the district court stated:
It is a fundamental principle that a statute, if constitutional in one part and unconstitutional in another part, may remain valid except for the unconstitutional portion. However, this is dependent upon the unconstitutional provision being severable from the remainder of the statute. The severability of the statutory provision is determined by its relation to the overall legislative intent of the statute of which it is part and whether the statute, less the invalid provisions, can still accomplish this intent. Additionally, if the valid portion of the law would be rendered incomplete, or if severance would cause results unanticipated by the legislature, there can be no severance of the invalid parts; the entire law must be declared unconstitutional. We conclude that the procedural aspects of section 45.061 encroach upon the authority of the supreme court to promulgate rules of practice and procedure and these procedural details cannot be "severed" from the substantive aspects of section 45.061. Therefore, we declare the entire law to be unconstitutional.
Id. (citations and footnote omitted).
We reject the applicability of this principle under the circumstances of this case. We have consistently held that statutes should be construed to effectuate the express legislative intent and all doubt as to the validity of any statute should be resolved in favor of its constitutionality. McKibben v. Mallory, 293 So.2d 48 (Fla. 1974).[1] This is particularly so in areas of the judicial process that necessarily involve both procedural and substantive provisions to accomplish a proposal's objective. To strictly apply the nonseverance principle, as done by the district court, would make it increasingly difficult to adopt new judicial process proposals that have both substantive and procedural aspects.
The judiciary and the legislature must work to solve these types of separation-of-powers problems without encroaching upon each other's functions and recognizing each other's constitutional functions and duties. One example of such a cooperative effort is The Florida Evidence Code, adopted by both the legislature, chapter 76-237, Laws of Florida, and the Supreme Court in In re Florida Evidence Code, 372 So.2d 1369 (Fla. 1979). Furthermore, in In re Rules of Civil Procedure, 281 So.2d 204, 204 (Fla. 1973), we held:
During the past session of the Legislature various laws were enacted which related to practice and procedure. This creates confusion in the judicial branch in that the laws as enacted are in conflict with or supplemental to various rules of practice and procedure. The Supreme Court has considered these laws as expressing the intent of the Legislature and has formulated rules of practice and procedure that attempts [sic] to conform with the intent of the Legislature and at the same time further the orderly procedure in the judicial branch.
*15 Although we found that certain acts of the legislature were procedural, we recognized the legislative action as a statement of the public desire and adopted some of those statutes as rules of court.
The offer of judgment process is not a new subject to us. We have previously noted that the area of attorney fees and sanctions in the offer of judgment process may well be substantive. In The Florida Bar re Amendment to Rules of Civil Procedure, Rule 1.442, 550 So.2d 442, 442 (Fla. 1989), we said:
While we agree that this Court has authority to create rules imposing sanctions and requiring payment of costs and attorneys fees when a party violates the rules, it is not so clear that a sanction is "procedural" when it imposes a "fine" based on a percentage of an unaccepted offer, especially when a party may have done nothing more serious than guessing wrong about a jury verdict.
We also acknowledged the legislative policy determination in this subject matter by stating:
We believe it is wiser policy to have a sanction based on costs and attorneys fees. This is what the legislature did in both of the statutes under review in this opinion, and this legislative determination is persuasive.
Id.
We reject the district court's conclusion that section 45.061, Florida Statutes (1987), under these circumstances, must be declared unconstitutional because it contains procedural aspects. Those procedural aspects have been addressed by our prior decision in In re Rules of Civil Procedure, Rule 1.442.
Having found the statute constitutional as modified by our rule, we next must address the question of whether section 45.061, Florida Statutes (1987), is constitutional as applied. In this instance, we agree with Leapai that the statute was not applied retroactively since the right to recover attorney fees attaches not to the cause of action, but to the unreasonable rejection of an offer of settlement. As noted in our statement of facts, the offer and rejection of the offer occurred after the act had been adopted by the legislature.
For the reasons expressed, we find the procedural aspects of section 45.061 severable from the language creating the substantive right to attorney fees and costs. Furthermore, we hold that the statute was constitutionally applied in this case. Because the rejection of the offer occurred before this Court's amendment of rule 1.142, Florida Rules of Civil Procedure, we do not address the application of the current rule to this case. While amici curiae have also addressed the question of whether section 45.061, Florida Statutes, permits the recovery of attorney fees by the defendant when no judgment for the plaintiff has been entered, compare Westover v. Allstate Insurance Co., 581 So.2d 988 (Fla. 2d DCA 1991) (entry of judgment in favor of plaintiff is prerequisite to defendant's seeking sanctions against plaintiff for refusing settlement offer), with Memorial Sales, Inc. v. Pike, 579 So.2d 778 (Fla. 3d DCA 1991) (entry of judgment in favor of plaintiff is not required before defendant may seek sanctions for refusal of settlement offer), we do not reach that issue because none of the parties to the appeal have discussed it. Accordingly, we reverse the decision of the district court of appeal and direct that the judgment of the trial court be reinstated.[2]
It is so ordered.
SHAW, C.J., and McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] See also, e.g., Firestone v. News-Press Publishing Co., 538 So.2d 457 (Fla. 1989); Vildibill v. Johnson, 492 So.2d 1047 (Fla. 1986); Department of Ins. v. Southeast Volusia Hosp. Dist, 438 So.2d 815 (Fla. 1983); Falco v. State, 407 So.2d 203 (Fla. 1981); Horsemen's Benevolent & Protective Assn., Fla. Division v. Division of Pari-Mutuel Wagering, 397 So.2d 692 (Fla. 1981).
[2] We do have some concern as to whether a one dollar offer of settlement is a bona fide offer. That issue was neither presented nor addressed in these proceedings.