608 So.2d 1 (1992)
Clyde TIMMONS, Petitioner,
v.
Bonnie S. COMBS, Respondent.
No. 78272.
Supreme Court of Florida.
July 9, 1992.
Supplemental Order October 22, 1992.
Rehearing Denied October 22, 1992.
Thomas J. Kennon, III of Darby, Peele, Bowdoin & Payne, Lake City, for petitioner.
Martin S. Page, Lake City, for respondent.
Terrence William Ackert, Winter Park, amicus curiae for Billy Joe Walker and Verniece W. Walker.
GRIMES, Justice.
We review Timmons v. Combs, 579 So.2d 840 (Fla. 1st DCA 1991), because of its conflict with Gross v. Albertson's, Inc., 591 So.2d 311 (Fla. 4th DCA 1991), and Memorial Sales, Inc. v. Pike, 579 So.2d 778 (Fla. 3d DCA 1991). We have jurisdiction under article V, section 3(b)(3) of the Florida Constitution.
Combs filed suit for damages against Timmons. On a jury verdict of no liability, judgment was entered in favor of Timmons. Timmons then sought costs and attorney's fees under section 45.061, Florida Statutes (1989), for Combs' unreasonable failure to accept an offer of settlement. The trial court denied Timmons' motion. The First District Court of Appeal affirmed on the premise that a defendant may not recover under section 45.061 where no judgment was rendered in favor of the plaintiff.
This case cannot be decided without considering the interplay between section 45.061 and section 768.79, Florida Statutes (1989). The latter statute, as it existed in 1989, referred to offers of judgment by the defendant and demands for judgment by the plaintiff. If a judgment obtained by the plaintiff was at least twenty-five percent less than the defendant's rejected offer, the defendant was permitted to recover costs and attorney's fees. On the other hand, if the plaintiff recovered a judgment more than twenty-five percent greater than his or her rejected offer, he or she could recover costs and attorney's fees. Because the statute in each instance referred to the recovery of a judgment by the plaintiff, the courts have consistently construed section 768.79 to preclude the recovery of costs and attorney's fees by a defendant when the defendant obtained a judgment. Rabatie v. U.S. Security Insurance Co., 581 So.2d 1327 (Fla. 3d DCA 1989), review dismissed, 589 So.2d 294 (Fla. 1991); Kline v. Publix Supermarkets, Inc., 568 So.2d 929 (Fla. 2d DCA 1990); Oriental Imports, Inc. v. Alilin, 559 So.2d 442 (Fla. 5th DCA 1990).[1]
*2 Section 45.061, which applies to most court actions, is worded somewhat differently. It permits the award of attorney's fees and costs if the court determines that an offer of settlement is unreasonably rejected. An offer is presumed to be unreasonably rejected by a defendant if the judgment entered is at least twenty-five percent greater than the offer. An offer is presumed to have been unreasonably rejected by the plaintiff if the judgment entered is at least twenty-five percent less than the offer. The court below construed section 45.061 in the same manner as the courts have interpreted section 768.79. Because Combs did not obtain a judgment, Timmons could not recover costs and attorney's fees.
The Second District Court of Appeal has also denied the recovery of costs and attorney's fees by the defendant under section 45.061 because a judgment was entered for the defendant rather than the plaintiff. Norris & Associates of Naples, Inc. v. Elkins, 570 So.2d 1386 (Fla. 2d DCA 1990); Coe v. B & D Transp. Services, Inc., 561 So.2d 469 (Fla. 2d DCA 1990). On the other hand, the Third District Court of Appeal in Memorial Sales, Inc., 579 So.2d 778, and the Fourth District Court of Appeal in Gross, 591 So.2d 311, have permitted the defendant to recover costs and attorney's fees under section 45.061 because of a rejected offer even though the defendant obtained a judgment.
As explained in Memorial Sales, Inc., while section 768.79 requires the offer to be measured against the "judgment obtained by the plaintiff," section 45.061 refers only to "the judgment entered." Section 45.061 does not specify in whose favor the judgment must be entered. In the case of a defendant's judgment, the plaintiff's recovery of nothing will always be greater than twenty-five percent less than a defendant's offer of something. Further, in Gross, the court quoted from a portion of the debate on House Bill 321 which became section 45.061 to demonstrate that the legislators intended to provide a recovery where the defendant's offer was rejected and a defense verdict was returned. Finally, we note that to accept the decision of the court below would present the anomaly that a plaintiff would be required to pay costs and attorney's fees if he or she obtained a judgment that was at least twenty-five percent less than the defendant's rejected offer, but the plaintiff would not have to pay if he or she lost the case entirely.
While the parties have not specifically addressed the point, this case is further complicated by the fact that Florida Rule of Civil Procedure 1.442 also covers the subject of offers of judgment. This rule was substantially amended by this Court in The Florida Bar re Amendment to Rules, 550 So.2d 442 (Fla. 1989), in an attempt to reconcile conflicting procedural aspects of section 768.79 and section 45.061. Because of the nonadversarial nature of the petition before us, we declined to address the constitutionality of the substantive portion of those statutes. Subsequently, in Leapai v. Milton, 595 So.2d 12 (Fla. 1992), we addressed the question of whether section 45.061 was unconstitutional because it infringed on the exclusive rule-making authority of this Court. We held that the statute was constitutional in that it created the substantive right to attorney's fees and costs. We rejected the lower court's conclusion that the statute must be declared unconstitutional because it also contained procedural aspects.
As written, rule 1.442 measures a defendant's settlement offer against "the damages awarded in favor of the offeree and against the offeror." This wording appears to be the equivalent of the "judgment obtained by the plaintiff" language of section 768.79 prior to its 1990 amendment. However, in adopting this wording we did not consciously choose between the language of section 768.79 and section 45.061 because that issue was not before us. In any event, in light of our ruling in Leapai v. Milton, it is clear that the circumstances under which a party is entitled to costs and *3 attorney's fees is substantive and that our rule can only control procedural matters. Therefore, the current rule 1.442 does not affect the outcome of this case.
The legislature has now repealed section 45.061 with respect to causes of action accruing after October 1, 1990. Ch. 90-119, § 22, Laws of Fla. This leaves section 768.79 as the only statute on the subject for new causes of action. Because the statute does contain procedural aspects which are subject to our rule-making authority, we hereby adopt the procedural portion of section 768.79 as a rule of this Court effective as of the date of this opinion. Florida Rule of Civil Procedure 1.442 is hereby repealed as of the date of this opinion. Pursuant to Florida Rule of Judicial Administration 2.130(a), any person may file comments directed to these changes within sixty days of the date of this opinion.
We quash the decision below and remand for further proceedings. We approve the rationale of Memorial Sales, Inc. and Gross but disapprove Norris & Associates and Coe, to the extent that they are inconsistent with this opinion.
It is so ordered.
BARKETT, C.J. and McDONALD, SHAW, KOGAN and HARDING, JJ., concur.
OVERTON, J., concurs with an opinion, in which McDONALD, J., concurs.
OVERTON, Justice, concurring.
I believe it would be more helpful to the bar if we incorporated the appropriate provisions of section 768.79, Florida Statutes (1991), in a new Florida Rule of Civil Procedure 1.442. We previously have placed substantive provisions of statutes in our rules to assure a proper understanding of the operations of the court system.
McDONALD, J., concurs.

SUPPLEMENTAL ORDER
PER CURIAM.
In response to this Court's invitation, a number of persons have filed comments directed to our repeal of Florida Rule of Civil Procedure 1.442 and the adoption of the procedural portions of section 768.79, Florida Statutes (1991). Some of the comments lament the fact that the scope of section 768.79 is limited to "civil actions for damages" and others point to perceived imperfections in the statute. These are matters beyond this Court's control because they are substantive in nature. See Leapai v. Milton, 595 So.2d 12 (Fla. 1992). We recognize, however, that the adoption of a new rule of procedure relating to the offer of judgment and demand for judgment may be helpful in facilitating the application of the statute. Therefore, we request the Florida Rules of Civil Procedure Committee to address this matter, and we authorize the committee to submit a proposed rule on the subject, if it so chooses to do so, outside the four-year cycle.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, CRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] We note that section 768.79 was amended in 1990 so as to make clear that a defendant may now collect under that statute if his or her offer was rejected and the judgment is "one of no liability." Ch. 90-119, § 48, Laws of Fla.