654 So.2d 148 (1995)
Ernest PULEO and Maria J. Puleo, Appellants,
v.
Rhonda KNEALING, Appellee.
No. 93-2778.
District Court of Appeal of Florida, Fourth District.
February 23, 1995.
As Corrected on Denial of Rehearing and Rehearing May 18, 1995.
Robert H. Schwartz, Gunther & Whitaker, P.A., Fort Lauderdale, for appellants.
Michael S. Bendell, Michael S. Bendell, P.A., Boca Raton, for appellee.
As Corrected on Denial of Rehearing and Rehearing En Banc May 18, 1995.
POLEN, Judge.
In this case we review a trial court's decision to deny the defendants'/appellants' motion to tax attorney's fees and costs against the plaintiff, as well as the final judgment and cost judgment. The issues concern, inter *149 alia, the relationship between sections 44.102 and 768.79, Florida Statutes (1993). We reverse.
Ernest and Maria Puleo were defendants in a personal injury suit resulting from an auto accident involving plaintiff, Rhonda Knealing. The parties engaged in court-ordered mediation, which resulted in an impasse. Fifteen days after the unsuccessful mediation, and eleven days before the trial date, the Puleos, pursuant to section 768.79, Florida Statutes (1989), served an offer of judgment in the amount of $15,001, which was rejected by the plaintiff.
Subsequently, after a jury trial, the jury returned a verdict in favor of the plaintiff in the amount of $15,000 which, when reduced by collateral sources in the amount of $10,000, resulted in a judgment against the Puleos in the amount of $5,000, an amount which represented greater than a 25% reduction from the Puleos' original offer of judgment.
The trial court denied the defendants' post-trial motion to assess costs and fees under section 768.79, setting forth its reasons as being that 1) the defendants' offer of judgment was not timely served, and 2) the plaintiff's rejection of the Puleos' offer of judgment was not unreasonable. The trial court then entered a cost judgment in favor of the plaintiffs, and against the Puleos, in the amount of $4,539, as well as an amended final judgment against the Puleos in the amount of $5,000.
Section 768.79(6)(a), Florida Statutes (1989) states in pertinent part:
(6)(a) If a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, the defendant shall be awarded reasonable costs, including investigative expenses, and attorney's fees ... and the court shall set off such costs in attorney's fees against the award.
In arriving at our determination to reverse on this point, we rely upon our holding in Schmidt v. Fortner, 629 So.2d 1036 (Fla. 4th DCA 1993), wherein this court, turning to the substance of section 768.79 itself, concluded that the legislature has created a mandatory right to attorney's fees so long as the above-stated statutory prerequisites have been met. In Schmidt v. Fortner, we held that "[t]hese are the only elements of the statutory entitlement. No other factor is relevant in determining the question of entitlement." Id. (Emphasis added.) Further, "the right to an award turns only on the difference between the amount of a rejected offer and the amount of a later judgment. It does not depend on whether the offer or the rejection was reasonable." Id. (Emphasis added.) See also Stunkel v. Hanley Landscape, Inc., 633 So.2d 117 (Fla. 4th DCA 1994). Section (7)(a) has a provision whereby fees and costs may be denied if the offer is not made in good faith. However, an offer not made in good faith (by the offeror) is not the same as an offer reasonably rejected (by the offeree). Here, because there has been no finding that the Puleos' offer of judgment was not made in good faith, we must reverse the trial court's finding, as it improperly applied a "reasonableness of rejection" standard in determining whether the Puleos were entitled to an award of attorney's fees and costs.
Next we turn our attention to the issue of whether the Puleos' offer was timely served. Section 768.79, Florida Statutes (1989) (Offer of judgment and demand for judgment), provides in pertinent part:
(1)(a) In any action to which this part applies, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred from the date of filing of the offer if the judgment obtained by the plaintiff is at least 25 percent less than such offer... .
(1)(b) Any offer or demand for judgment made pursuant to this section shall not be made until 60 days after filing of the suit, and may not be accepted later than 10 days before the date of the trial.

(Emphasis added.)
However, section 44.102, Florida Statutes (1993) (Court-ordered mediation), provides in pertinent part:

*150 (6)(a) When an action is referred to mediation by court order, the time periods for responding to ... an offer or demand for judgment pursuant to section 768.79 ... shall be tolled until:
1. An impasse has been declared by the mediator; or
2. The mediator has reported to the court that no agreement was reached.
(b) Sections 45.061 and 768.79 notwithstanding, an offer of settlement or an offer or demand for judgment may be made at any time after an impasse has been declared by the mediator, or the mediator has reported that no agreement was reached. An offer is deemed rejected as of commencement of trial.
We hold that by specifically referencing section 768.79 in section 44.102(6), the legislature left no doubt that it intended for all the provisions of section 768.79 to apply, following a court-ordered mediation resulting, as here, in impasse. A court-ordered mediation resulting, as here, in impasse. A court-ordered mediation which results in an impasse, simply modifies the time limitations imposed by section 768.79 by allowing either party the opportunity to serve a new offer at any time prior to trial. The provisions of section 768.79 and section 44.102(6)(b) are, in fact, consistent with one another in that it appears the legislature has simply allowed an enlargement of time within which to serve an offer of judgment in those instances where a court-ordered mediation has taken place. Thus, in the instant case, it was error for the trial court to determine that the Puleos' offer was untimely, based upon section 44.102(6)(b).
We find, additionally, that it was error for the trial court to deny fees and costs due to failure of the appellants to inform appellees of their intent to rely on section 44.102. See Wilson Ins. Servs. v. West American Ins. Co., 608 So.2d 857 (Fla. 4th DCA 1992). In so holding, we note conflict with our sister courts. See Wright v. Caruana, 640 So.2d 197 (Fla. 3d DCA 1994), and Nordyne, Inc. v. Florida Mobile Home Supply, Inc., 625 So.2d 1283 (Fla. 1st DCA 1993).
Nonetheless, we certify to the supreme court the following question as one of great public importance:
DO THE TIME REQUIREMENTS IN SECTION 44.102, FLORIDA STATUTES (1993) REPRESENT AN UNCONSTITUTIONAL INTRUSION OF THE LEGISLATURE ON THE RULE-MAKING AUTHORITY OF THE SUPREME COURT IN LIGHT OF THE SUPREME COURT'S ANALYSIS IN, TIMMONS V. COMBS, 608 So.2d 1 (FLA. 1992)?
STONE and STEVENSON, JJ., concur.