668 So.2d 708 (1996)
Bert ONG and Ami Ong, Appellants,
v.
MIKE GUIDO PROPERTIES, Appellee.
No. 94-1559.
District Court of Appeal of Florida, Fifth District.
March 1, 1996.
*709 Christopher C. Cathcart, Orlando, for Appellant.
John R. Hamilton and Michael A. Hornreich of Foley & Lardner, Orlando, for Appellee.

ON MOTION FOR REHEARING
ANTOON, Judge.
This matter comes to us on a motion for rehearing of our order denying Mike Guido Properties' (Guido) motion for attorney's fees. Upon further reflection, we grant Guido's motion for rehearing, withdraw our previous order, and grant Guido's motion for attorney's fees.
Guido sued Bert and Ami Ong (Ongs) for breach of contract. On February 14, 1994, Guido filed a notice for trial and, in response, the trial court entered an order scheduling the matter for non-jury trial. Ten days later, on February 28, the trial court entered an order requiring the parties to participate in mediation, scheduled for March 24.
On March 7, before the mediation took place, Guido served a demand for judgment in accordance with the provisions of section 768.79, Florida Statutes (1993). Specifically, Guido offered to accept a judgment of $17,900.
The mediation took place as scheduled but resulted in an impasse. There being no settlement, the matter proceed to non-jury trial, on April 13. Importantly, the Ongs never responded to Guido's demand for judgment. Following trial, the court entered a final judgment, finding that (1) the Ongs had breached the parties' contract, and (2) Guido was entitled to receive damages of $18,000 in principal and $4,435 in prejudgment interest. On direct appeal, this court issued a per curiam affirmance of the final judgment. Ong v. Mike Guido Properties, 661 So.2d 18 (Fla. 5th DCA 1995).
Guido filed a timely motion seeking an award of appellate attorney's fees, citing section 768.79(1), Florida Statutes (1993), as authority for such an award.[1] In this regard, Guido maintained that his motion for appellate attorney's fees should be granted because (1) section 768.79(1) authorizes an award of attorney's fees when a defendant *710 fails to respond to a plaintiff's demand for judgment within thirty days and the final judgment entered in favor of the plaintiff is at least 25% greater than the demand; and, (2) the Ongs had failed to respond to Guido's demand for judgment within this thirty-day time period, and the final judgment Guido received was greater than 25% of the amount of his demand.
The Ongs responded by arguing that Guido's motion for an award of appellate attorney's fees should be denied because application of the tolling provisions set forth in section 44.102(6)(a), Florida Statutes (1993),[2] established that the thirty-day time period within which the Ongs were required to respond had never elapsed. Specifically, the Ongs argued (1) that pursuant to the terms of section 44.102(6)(a), the thirty-day time period provided in section 768.79 was tolled from the date the trial court referred this matter to mediation (February 28) until the date the mediator declared an impasse (March 24); and (2) thereafter, it was impossible for the thirty-day time period to have elapsed because the parties' trial commenced within twenty days of such declaration (April 13).[3] The facts of the instant case demonstrate that, when a defendant fails to respond to the demand after the lawsuit is referred to mediation, there is an apparent inconsistency between the tolling provision of section 44.102(6)(a) and the timing provision of section 768.79(1).
Guido suggests that the instant facts compel that the tolling provision in section 44.102(6)(a) be struck down as an unconstitutional violation of the doctrine of separation of powers.[4] He maintains that, by enacting section 44.102(6)(a), the legislature unconstitutionally infringed upon the supreme court's exclusive rule-making authority because the statute's tolling provision essentially operates as a rule of procedure inasmuch as the statute creates a mechanism which affects the time period within which a litigant must respond to a demand for judgment once a lawsuit is referred to mediation.
The issue of the constitutionality of conflicting statutes concerning offers of, and demands for, judgment is not new. For example, in Leapai v. Milton, 595 So.2d 12 (Fla. 1992), our supreme court addressed a constitutional challenge to section 45.061, Florida Statutes (1987), which governed the procedures concerning offers of judgment, including the authorization of an award of attorney's fees and costs as a sanction for the unreasonable rejection of an offer of judgment. Specifically, the court addressed the issue of whether section 45.061 violated the separation of powers doctrine in relation to rule 1.442 of the Florida Rules of Civil Procedure, a court-adopted rule of procedure concerning offers of judgment. In deciding this issue, the court first recognized that the provisions of section 45.061 contained both procedural and substantive aspects, noting that the provisions delineating the circumstances under which a party was entitled to receive an award of attorney's fees and costs was substantive in nature, while the provisions which established time limits for acceptance of an offer were procedural in nature. The court then upheld the constitutionality of the statute but ruled that, pursuant to the doctrine of separation of powers, the statute's procedural aspects were required to yield to the provisions of rule 1.422. Id. at 15.
*711 Thereafter, in Timmons v. Combs, 608 So.2d 1 (Fla.1992), our supreme court was confronted with the question of whether section 768.79, Florida Statutes (1989), contained procedural aspects which were in conflict with section 45.061, Florida Statutes (1989), and rule 1.422 of the Florida Rules of Civil Procedure when a defendant's offer of settlement was unreasonably rejected. The court acknowledged that there was conflict between the statutes and the rule on both substantive and procedural issues. In this regard, the court ruled that the provisions in the statutes which created the right to recover attorney's fees was substantive and thus controlling over the provisions in the rule, but that the provisions in the statutes dealing with procedural aspects were subject to the court's rule-making authority. The court then resolved the conflict in the procedural provisions by adopting the procedural portions of the statute and repealing rule 1.442. Id. at 2.
Nordyne, Inc. v. Florida Mobile Home Supply, 625 So.2d 1283 (Fla. 1st DCA), rev. dismissed, 630 So.2d 1100 (Fla.1993), also addressed the inconsistency existing between section 44.102(5)(b),[5] and section 768.78, Florida Statutes (1991). Section 44.102(5)(b) of the statute provides that:
Sections 45.061 and 768.79 notwithstanding, an offer of settlement or an offer or demand for judgment may be made at any time after an impasse has been declared by the mediator, or the mediator has reported that no agreement was reached. An offer is deemed rejected as of commencement of trial.
In Nordyne, there was an unsuccessful mediation on May 20, 1991. On May 28, 1991, demands for judgment were made by Florida Mobile Home Supply (FMHS). Nordyne had not accepted the offer prior to the June 17, 1991 trial date. FMHS took the position that the demands were rejected upon the commencement of the trial, and since it recovered more than twice the amount of the judgment, it was entitled to fees. The court rejected this argument, concluding that FMHS should have put Nordyne on notice that it was relying on section 44.102(5)(b):
Moreover, we note that, recognizing that sections 45.061 and 768.79 contained conflicting terms, and that both statutes included procedural provisions which intruded upon the powers granted by our constitution to the judicial branch, the supreme court recently adopted the procedural portions of section 768.79 as a court rule. Timmons v. Combs, 608 So.2d 1 (Fla.1992). We believe that section 44.102(5)(b) likewise intrudes upon the rulemaking power of the judicial branch. Accordingly, in our opinion, the provisions of section 44.102(5)(b) must yield to those of section 768.79, which have been adopted as a court rule.
Id. at 1290.
We must first determine whether Guido is correct that the tolling provisions of section 44.102(6)(a) essentially operate as a rule of procedure. In Milton v. Leapai, 562 So.2d 804 (Fla. 5th DCA), rev'd, 595 So.2d 12 (Fla.1990), this court aptly explained that a "substantive law creates, defines, and regulates rights, whereas procedural law prescribes a method of enforcing the rights or obtaining redress for their invasion." In the vernacular, procedural law "is the machinery for carrying on the suit, including pleadings, process, evidence and practice." Id. at 807 (citing Heberle v. P.R.O. Liquidating Co., 186 So.2d 280 (Fla. 1st DCA 1966)). Applying these definitions, we conclude that section 44.102(6)(a)'s tolling provision is intended to be a part of the "machinery" for carrying on a suit. In fact, it is difficult to imagine a provision more purely procedural than the tolling of a response time. Therefore, we strike this provision as an unconstitutional infringement of the separation of powers doctrine.
We recognize that the fourth district recently addressed the conflict between section 768.79 and the tolling provision of section 44.102(6) in Puleo v. Knealing, 654 So.2d 148 (Fla. 4th DCA), rev. granted, 663 So.2d 630 *712 (Fla.1995). In that case, the fourth district concluded that:
By specifically referencing section 768.79 in section 44.102(6), the legislature left no doubt that it intended for all the provisions of section 768.79 to apply, following a court-ordered mediation resulting, as here, in impasse. A court-ordered mediation which results in an impasse, simply modifies the time limits imposed by section 768.79 by allowing either party the opportunity to serve a new offer at any time prior to trial. The provisions of section 768,79 and section 44.102(6)(b) are, in fact, consistent with one another in that it appears the legislature has simply allowed an enlargement of time within which to serve an offer of judgment in those instances where a court mediation has taken place.
Id. at 150. We acknowledge that the issue presented in the instant case differs from the specific issues presented in Nordyne and Puleo, yet we adopt the rationale of the Nordyne court and respectfully disagree with the view expressed in Puleo.
Having determined that the tolling provision of section 44.102(6)(a) must be stricken as unconstitutional, we must next decide whether this portion of the statute can be severed from the remainder of the court-ordered mediation statute. Our courts have repeatedly held that a statute, if constitutional in one part and unconstitutional in another, may, under certain circumstances, remain viable except for the unconstitutional portion:
An unconstitutional portion of a general law may be deleted and the remainder allowed to stand if the unconstitutional provision can be logically separated from the remaining valid provisions, that is, if the legislative purpose expressed in the valid provisions can be accomplished independently of those which are void; and the good and bad features are not inseparable and the Legislature would have passed one without the other; and an act complete in itself remains after the invalid provisions are stricken.
Moreau v. Lewis, 648 So.2d 124 (Fla.1995) (quoting, Presbyterian Homes of Synod of Florida v. Wood, 297 So.2d 556, 559 (Fla. 1974)). See also Delta Air Lines, Inc. v. Department of Revenue, 455 So.2d 317 (Fla. 1984), appeal dismissed, 474 U.S. 892, 106 S.Ct. 213, 214, 88 L.Ed.2d 214 (1985); High Ridge Management Corporation v. State, 354 So.2d 377 (Fla.1977).
Applying this case law, we conclude that the tolling provision set forth in section 44.102(6)(a) can be severed from the remaining provisions of the court-ordered mediation statute because section 44.102 contains important provisions in connection with court-ordered mediation which have no relation to the timing provisions of the offer of judgment statute.
Accordingly, the order denying Guido's motion for appellate attorney's fees is vacated, the motion for appellate attorney's fees is granted, and this matter is remanded to the trial court for proceedings consistent with this opinion. In so ruling, we acknowledge conflict with Puleo.
VACATED and REMANDED.
GRIFFIN, THOMPSON and ANTOON, JJ., concur.
NOTES
[1] Section 768.79(1), Florida Statutes (1993), provides in pertinent part:

Offer of judgment and demand for judgment.
(1) In any civil action for damages filed in the courts of this state.... [i]f a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand.
[2] Section 44.102(6)(a), Florida Statutes (1993), provides:

Court-ordered mediation.
* * * * * *
(6)(a) When an action is referred to mediation by court order, the time periods for responding to ... an offer or demand for judgment pursuant to s. 768.79 ... shall be tolled until:
1. An impasse has been declared by the mediator; or
2. The mediator has reported to the court that no agreement was reached.
[3] Guido does not contend that application of section 44.102(6)(b) mandates an award of fees in this case. See § 44.102(6)(b), Fla.Stat. (1993) (an offer of judgment is deemed rejected as of commencement of trial).
[4] Article V, section 2(a) of the Florida Constitution authorizes the Florida Supreme Court to adopt rules for practice and procedure in all courts. Article II, section 3 further provides that the powers constitutionally bestowed upon the courts may not be exercised by the legislature. Thus, a statute which purports to create or modify a procedural rule of court or practice is unconstitutional. See Milton v. Leapai, 562 So.2d 804, 807 (Fla. 5th DCA), rev'd, 595 So.2d 12 (Fla.1990).
[5] Section 44.102(5), Florida Statutes (1991) was later renumbered 44.102(6), Florida Statutes (1993), but otherwise the sections are identical.