STONE, Judge.
We reverse a judgment awarding attorney’s fees to Daystar under section 73.091, Florida Statutes (1989), which provides that the petitioner (the condemning authority) shall pay all reasonable costs in an eminent domain proceeding.
The department filed a petition to condemn property in June 1989. In December 1992, it made an offer of judgment of $181,-000.00 which Daystar rejected. The department’s offer stated that it was being made “pursuant to Florida Statutes Sections 73.032, 73.092 and the Rules of the Florida Supreme Court.” Daystar recovered a judgment, including interest, of $179,772.83. The trial court subsequently quashed the department’s offer of judgment and entered a judgment for attorney’s fees and costs in favor of Daystar.
The department, by virtue of the order quashing the offer of judgment, lost the benefit of the following provision in section 73.092(7), Florida Statutes (1989):
Where an offer of judgment made by the petitioner, pursuant to the Florida Rules of Civil Procedure, is either rejected or expires and the verdict or judgment is less than or equal to the offer of judgment, no attorney’s fees or costs shall be awarded for time spent by the attorney or costs incurred after the time of rejection or expiration of the offer....
The trial court’s decision to quash the offer of judgment was based upon Daystar’s assertion that the offer of judgment was invalid because such an offer could not validly be made in December 1992. Daystar argues that there was a time period from July 9, 1992, to January 1, 1993, when an offer under the statute relied on by the department was invalid because there were no procedural rules in effect governing such an offer.
Effective July 9,1992, Florida Rule of Civil Procedure 1.442 governing the procedural aspects of offers of judgment was repealed by the supreme court in Timmons v. Combs, 608 So.2d 1 (Fla.1992). However, by that opinion, the court adopted the procedural rules already in place in section 768.79, Florida Statutes. Subsequently, the supreme court adopted a new version of rule 1.442, effective January 1993, which reiterates the directive in Timmons, that parties are to follow the procedural aspects of section 768.79, Florida Statutes (1991). The commentary to the amended rule notes that it is the 1991 version of 768.79 that was adopted in Timmons.
We conclude that here, there was a procedure in effect governing the department’s offer of judgment when it was tendered in December 1992. Therefore, there is no peri *756 od, as claimed by Daystar, during which there was no applicable procedure, because Timmons, incorporating section 768.79, supplied the applicable procedural rules controlling this offer of judgment.
We also agree with the department’s assertion that it need not be penalized for including reference to section 73.032 in its offer, “in an abundance of caution,” even though that statute was not effective as to previously filed actions. Section 73.032 supplies procedural rules for offers made in an eminent domain proceeding that were previously found in section 73.092 and the rules of civil procedure. There was no confusion created by the department’s offer as it was clearly substantively founded on section 73.092.
We have considered Metropolitan Dade County v. Jones Boatyard, Inc., 611 So.2d 512 (Fla.1993), but deem it inapposite as applicable to offers of judgment in actions under chapter 768. Here we are applying substantive law under chapter 73, applicable strictly to eminent domain proceedings. We have also considered Pippin v. Latosynski, 622 So.2d 566 (Fla. 1st DCA 1993), but find it distinguishable, as that appeal involved an action for personal injuries to which substantive aspects of section 768.79, there in question, were applicable.
We also reject Daystar’s argument that by the department’s reference, in the offer of judgment to the later-adopted section 73.032, it must be inferred that the offer was not intended to refer to the 1989 version of section 73.092, which was in effect at the time of filing the petition. The vagueness, if any, in the department’s offer may be as to which procedural rules to apply. However, Tim-mons, in effect at the time of the offer, resolves any such ambiguity, as Timmons directs application of the procedure in section 768.79. By referring to section 73.092 in its offer of judgment, the department placed Daystar on notice of the substantive section on which it was relying. The additional reference to section 73.032 was mere surplus-age, as that statute by its terms could not be applied to this previously filed case. We also note that the reference in the offer to the rules of the Florida Supreme Court militates against an ambiguity, as Timmons, in effect at the time of the offer, had adopted the procedural portion of section 768.79 as a rule of the supreme court.
Therefore, we reverse the judgment for attorney’s fees and costs and remand for further proceedings for an award of attorney’s fees to Daystar that takes into consideration the department’s offer of judgment under section 73.092(7).
POLEN and PARIENTE, JJ.,-concur.