675 So.2d 593 (1996)
Rhonda KNEALING, Petitioner,
v.
Ernest PULEO and Maria J. Puleo, Respondents.
No. 85849.
Supreme Court of Florida.
June 20, 1996.
*594 Michael S. Bendell of Michael Bendell, P.A., Boca Raton, for Petitioner.
Robert H. Schwartz and Scott C. Burgess of Gunther & Whitaker, P.A., Fort Lauderdale, for Respondents.
WELLS, Justice.
We have for review Puleo v. Knealing, 654 So.2d 148 (Fla. 4th DCA 1995), in which the district court certified the following question to be of great public importance:
DO THE TIME REQUIREMENTS IN SECTION 44.102, FLORIDA STATUTES (1993), REPRESENT AN UNCONSTITUTIONAL INTRUSION OF THE LEGISLATURE ON THE RULE-MAKING AUTHORITY OF THE SUPREME COURT IN LIGHT OF THE SUPREME COURT'S ANALYSIS IN TIMMONS V. COMBS, 608 SO.2D 1 (FLA.1992)?
We have jurisdiction. Art. V, § 3(b)(4). We answer the certified question in the affirmative and declare the time requirements set forth in section 44.102(6), Florida Statutes (1993),[1] unconstitutional.
The district court's question is based upon its conclusion that section 44.102(6)(b) enlarges the time to serve an offer of judgment in a case in which a court-ordered mediation has taken place. Specifically, the court found that an offer of judgment made fifteen days after the completion of an unsuccessful mediation and eleven days before trial could *595 serve as a basis to award fees and costs pursuant to section 768.79(1)(a), Florida Statutes (1989).[2] Because the district court gave effect to this interpretation of section 44.102(6)(b), its decision conflicts with Nordyne, Inc. v. Florida Mobile Home Supply, Inc., 625 So.2d 1283 (Fla. 1st DCA), review dismissed, 630 So.2d 1100 (Fla.1993). Like the Puleo court, the court in Nordyne interpreted section 44.102(6)(b) as altering certain time provisions of section 768.79. However, the Nordyne court found section 44.102(6)(b) unconstitutional because it altered procedural portions of section 768.79 which were adopted as Florida Rule of Civil Procedure by this Court in Timmons v. Combs, 608 So.2d 1 (Fla.1992).[3]
The instant case arose from an automobile accident which occurred on May 14, 1990. The trial court set the case for trial on July 12, 1993, and ordered mediation. The mediation occurred on June 16, 1993, but resulted in an impasse. On July 1, fifteen days after the mediation and eleven days before trial, Ernest and Maria Puleo, the defendants, served an offer of judgment in the amount of $15,001. Rhonda Knealing, the plaintiff, rejected the offer. The case went to trial, and the jury thereafter returned a verdict in the plaintiff's favor for $15,000. The verdict was reduced by collateral sources to $5,000, which was more than twenty-five percent below the defendants' offer of judgment.
The Puleos moved to assess costs and fees pursuant to section 768.79.[4] The trial court denied the motion because the offer of judgment was not timely in that it did not give Knealing thirty days to respond and because Knealing's rejection of the offer was not unreasonable. The court then entered in Knealing's favor a cost judgment for $4539 and a final judgment for $5000.
On appeal, the Fourth District reversed. The court considered three issues. First, the court considered whether the trial court erred in applying a "reasonableness of rejection" standard to determine whether the Puleos were entitled to fees and costs. In accord with Schmidt v. Fortner, 629 So.2d 1036 (Fla. 4th DCA 1993), the court recognized that the right to an award depends only on the amount of the rejected offer and the amount of the later judgment and that the reasonableness of the plaintiff's rejection is irrelevant to the question of fee entitlement. Puleo, 654 So.2d at 150. The Fourth District's holding on this issue is consistent with our recent decision in TGI Friday's, Inc. v. Dvorak, 663 So.2d 606 (Fla.1995). We therefore approve the court's decision with respect to this issue and move to the second and third issues related to the certified question.
The second issue the court considered was whether the Puleos' motion for fees and costs was timely. To answer this question the court examined the language of sections 768.79(1) and 44.102(6), Florida Statutes. Section 44.102(6) provides:
(6)(a) When an action is referred to mediation by court order, the time periods for responding to an offer of settlement pursuant to s. 45.061, or to an offer or demand for judgment pursuant to s. 768.79, respectively, shall be tolled until:
1. An impasse has been declared by the mediator; or
2. The mediator has reported to the court that no agreement was reached.

*596 (b) Sections 45.061 and 768.79 notwithstanding, an offer of settlement or an offer or demand for judgment may be made at any time after an impasse has been declared by the mediator, or the mediator has reported that no agreement was reached. An offer is deemed rejected as of commencement of trial.
The court held that by referencing section 768.79 in section 44.102(6), the legislature intended to make section 768.79 fully applicable to a mediation resulting in an impasse. Puleo, 654 So.2d at 150. Specifically, the Fourth District determined that sections 768.79 and 44.102(6)(b) work in conjunction with one another to enlarge the time in which an offer of judgment can be made. Id. According to the Fourth District, then, an offer of judgment served after a mediation resulting in an impasse can be made at any time prior to trial, and an automatic rejection of the offer occurs at the commencement of trial rather than thirty days after the offer is made. If the judgment obtained by the plaintiff is at least twenty-five percent less than the offer, the defendant making such an offer will be entitled to fees and costs although the defendant has not complied with the time requirements of section 768.79 as incorporated into Florida Rule of Civil Procedure 1.442.
A statute providing authority to award fees must do so expressly. See Dorner v. Red Top Cab & Baggage Co., 160 Fla. 882, 37 So.2d 160 (1948); Florida Life Ins. Co. v. Fickes, 613 So.2d 501 (Fla. 5th DCA 1993); Scott v. Scott, 303 So.2d 683 (Fla. 4th DCA 1974). Contrary to the district court's finding in Puleo, section 44.102(6) does not expressly authorize an award of fees simply by referencing section 768.79. Nor does it provide any other independent basis for awarding fees.
Rather than providing for an award of fees, section 44.102(6) alters the time limits for making and accepting an offer of judgment. Section 44.102(6)(a) tolls the time periods of section 768.79 as incorporated into Florida Rule of Civil Procedure 1.442 from the date of the order of mediation until the mediation is complete. The result is that a party may have more than the thirty days required by section 768.79 and rule 1.442 to accept an offer. Section 44.102(6)(b) allows a party to make an offer of judgment after mediation ends. As a result, a party may have less than the thirty days required by section 768.79 and rule 1.442 to consider and accept an offer. We have held that the time limits for acceptance of an offer of judgment, like those provided in section 44.102(6), are procedural. Florida Bar Re Amendment to Rules of Civil Procedure, Rule 1.442 (Offer of Judgment), 550 So.2d 442, 443 (Fla.1989). Accordingly, we read section 44.102(6) as setting forth only procedural requirements.
Because section 44.102(6) sets forth only procedural requirements, it intrudes upon the rule-making authority of the Supreme Court. Art. V, § 2(a), Fla. Const. Moreover, the purely procedural nature of section 44.102(6) precludes us from holding it constitutional based upon our decisions in Leapai v. Milton, 595 So.2d 12 (Fla.1992), and Timmons v. Combs, 608 So.2d 1 (Fla. 1992). In Leapai and Timmons we found sections 45.061, Florida Statutes (1987),[5] and 768.79, Florida Statutes (1989), constitutional despite their procedural aspects because they contained substantive provisions authorizing an award of attorney fees. Based on our conclusion that section 44.102(6) is unconstitutional, we hold that an offer of judgment made after an unsuccessful mediation must still comply with the time requirements of section 768.79 as incorporated into Florida Rule of Civil Procedure 1.442.[6]
*597 Finally, the district court held that a defendant is not required to inform a plaintiff of its intent to rely on section 44.102 in order to obtain fees and costs pursuant to section 768.79. The court recognized that its decision on this issue conflicted with the decisions in Nordyne and Wright v. Caruana, 640 So.2d 197 (Fla. 3d DCA 1994). Based on our conclusion that section 44.102(6)(b) is unconstitutional, we need not address whether notice of intent to rely on this provision is necessary.
Accordingly, we answer the certified question affirmatively. We quash Puleo and approve Nordyne to the extent that it is consistent with this opinion. We remand and direct the district court to affirm the circuit court's judgment denying the assessment of fees and costs on the basis that the offer of judgment was not timely served.
It is so ordered.
KOGAN, C.J., and SHAW, GRIMES, HARDING and ANSTEAD, JJ., concur.
OVERTON, J., dissents.
NOTES
[1] All references to section 44.102, Florida Statutes, in this case are to the 1993 version of the statute.
[2] All references to section 768.79, Florida Statutes, in this case are to the 1989 version of the statute.
[3] In Timmons, this Court repealed a former version of Florida Rule of Civil Procedure 1.442 and adopted a new version of the rule which incorporated the procedural portions of section 768.79, Florida Statutes.
[4] Section 768.79, Florida Statutes (1989), provides in pertinent part:

(1)(a) In any action to which this part applies, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred from the date of filing of the offer if the judgment obtained by the plaintiff is at least 25 percent less than such offer....
The statute likewise provides an award of costs and fees for the plaintiff who files a demand for judgment and obtains a judgment that is at least twenty-five percent greater than the demand. We limit our discussion in this case to offers of judgment but our decision applies to demands for judgment as well.
[5] Section 45.061, Florida Statutes (1987), which concerned offers of settlement and provided for attorney fees, was repealed with respect to causes of action accruing after October 1, 1990. Ch. 90-119, § 22, Laws of Fla. Although the cause of action in this case accrued before that date, section 45.061 was not applicable here because the Puleos' motion was based solely on section 768.79.
[6] We note that our conclusion is in accord with the well-reasoned opinion of the Fifth District in Ong v. Mike Guido Properties, 668 So.2d 708 (Fla. 5th DCA 1996). The issue before the district court in Ong was whether section 44.102(6)(a) was unconstitutional. The plaintiff served a demand for judgment and after obtaining a judgment for twenty-five percent more than the demand moved for fees pursuant to section 768.79. The defendants claimed the thirty-day acceptance period provided in section 768.79 had not elapsed due to the tolling provision in section 44.102(6)(a) and that the plaintiff was thus not entitled to fees. The plaintiff did not contend that section 44.102(6)(b) entitled him to fees but instead alleged that section 44.102(6)(a) violated the separation-of-powers doctrine. The court agreed. The court also acknowledged its agreement with the decision in Nordyne finding section 44.102(b) unconstitutional although that provision was not expressly before the court.

Further, we agree with the decision in Ong that section 44.102(6) can be separated from this statute without any adverse effect on its remaining portions. See Moreau v. Lewis, 648 So.2d 124, 127-28 (Fla.1995) (quoting Presbyterian Homes of Synod of Florida v. Wood, 297 So.2d 556, 559 (Fla.1974)); Cramp v. Board of Public Instruction, 137 So.2d 828 (Fla.1962).